IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHELSEA DAVIS,** | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | Civil Action No. 3:13-CV-4926-N-BK |
| | § | |
| **MCKOOL SMITH, P.C.,** *et al.*, | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. A review of the pleadings reveals that this case was improperly removed from the state court. Thus, it should be **REMANDED,** *sua sponte*.[1]

Plaintiff filed her Notice of Removal in this case on December 18, 2013, seeking to remove the state court action she filed in the 254th District Court of Dallas County to this Court on the basis of diversity jurisdiction. (Docs. 1, 4, 11, 12). Under the law, however, she may not do so.

Any civil action brought in a state court of which the district court also has jurisdiction "may be removed by the <u>defendant or the defendants</u>, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). In this case, Plaintiff has attempted to remove her own action from the state court in which she filed it, which is clearly not permitted by the removal statute. 28 U.S.C.

---

[1] Although there is no binding precedent in this Circuit addressing whether a Magistrate Judge may adjudicate remands, several circuit courts have held that remands can only be effectuated by a district judge. *See Raspberry v. Capitol Cnty. Mut. Fire Ins. Co.*, 609 F. Supp. 2d 594, 597 n.1 (E.D. Tex. 2009) (collecting cases). Accordingly, the undersigned will issue a recommendation, rather than a final order in this case.

§ 1441(a). Accordingly, because the notice of removal was improperly filed, this case must be remanded to the 254th District Court of Dallas County.

## RECOMMENDATION

For the foregoing reasons, the Court should *sua sponte* **REMAND** this action to the state court.

**SO RECOMMENDED** on December 26, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE