**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |
|---|---|
| _____ | § |
|  | § |
|  | § |
|  | § |
| V. | § |
|  | § |
|  | § |
| CHELSEA L. DAVIS | § |
|  | § |
|  | § |
|  | § |
|  | § |

### CHELSEA DAVIS'S OBJECTIONS TO CRIMINAL ALLEGATIONS

1.      I OBJECT to the number of the alleged cause.

2.      I OBJECT to the style of the alleged cause. To the extent the State of Texas has joined this case as an intervenor and is prosecuting me for a crime, I object as follows:

3.      I OBJECT TO:  The action style and lack of filing of any action.

4.      I OBJECT TO:  The action styled *Chelsea L. Davis v. Leslie D. Ware and Samuel F. Baxter* was never instituted.

5.      I OBJECT TO:  The style *State of Texas v. Chelsea L. Davis* was not assigned to any Court.

6.      I OBJECT TO:  The style *State of Texas v. Chelsea L. Davis* was not transferred to any Court.

7.      I OBJECT TO:  The style *Chelsea L. Davis v. Leslie D. Ware and Samuel F. Baxter* is not pending before the 254th Judicial District Court, Dallas County, Texas because no action is or has ever been pending under that style before that cour

8.      I OBJECT TO:  The style *Chelsea L. Davis v. Leslie D. Ware and Samuel F. Baxter* does not contain any claims or defenses.   before the 254th Judicial District Court, Dallas County, Texas because no action is or has ever been pending under that style before that court

9.      I OBJECT TO:  Chelsea L. Davis was not properly served with any paper to attach personal jurisdiction in a criminal matter, was not provided notice, was not given any indictment or information, etc.

10.     I OBJECT TO:  The alleged orders signed on various dates are not signed by a judge having authority to sign the alleged orders and none constitute a judgment.

11.     I OBJECT TO:  Chelsea L. Davis has never had any opportunity to be heard.

12.     I OBJECT TO:  Leslie D. Ware and Samuel F. Baxter have never had any opportunity to be heard and have never appeared in person.

13.     I OBJECT TO:  the Court's failure to provide findings of fact and conclusions of law to the extent this Court has ordered or adjudged anything.

14.     I OBJECT TO:  the alleged order does not relate to any issues before the court.

15.     I OBJECT TO:  the file on each written complaint filed with any commission, the written complaint and the file, which fails to include the name of the person who filed the complaint, the date the complaint is received by the commission, the subject matter of the complaint, the name of each person contacted in relation to the complaint, a summary of the results of the review or

investigation of the complaint, and an explanation of the reason the file was closed, if the commission closed the file without taking action other than to investigate the complaint.

16.    I OBJECT TO the capacity of Chelsea L. Davis to be a "Judge" under Tex. Gov. Code Sec. 33.001(8).

17.    I OBJECT TO the capacity of Leslie D. Ware to be a "Judge" under Tex. Gov. Code Sec. 33.001(8).

18.    I OBJECT TO the capacity of Chelsea L. Davis to be an "Examiner" under Tex. Gov. Code Sec. 33.001(4).

19.    I OBJECT TO the capacity of Leslie D. Ware to be an "Examiner" under Tex. Gov. Code Sec. 33.001(4).

20.    I OBJECT TO the capacity of any individual to serve, assist, gather, and/or present in any action at any time under this cause number or under cause number(s) DC-13-01240, DC-13-14479, DC-13-12834, DC-13-14215, DF-13-19281, or DF-13-23109 in Dallas County, Texas or any cause number in Collin County, Texas as a "Chairperson", "Clerk", "Commission," "Examiner" or "Judge" under Tex. Gov. Code Sec. 33.001.

21.    I object to the capacity of Angeline Bain and Donald Colleluori to be a prosecutor for the State of Texas or otherwise to prosecute me.

22.    I object to the investigation of circumstances that do not surround an allegation or appearance of misconduct or disability of a judge to determine if the allegation or appearance is unfounded or frivolous. All circumstances of this style and of this cause number are not the circumstances under Tex. Gov. Code 33.022.

23. I object for failure of the commission to conduct a full investigation, for failure to notify the judge in writing of the commencement of the investigation; and the nature of the allegation or appearance of misconduct or disability being investigated.

24. I object because I never received any order for me to submit a written response to the allegation or appearance of misconduct or disability; or to appear informally before the commission; or of any person to be deposed; or any request for the complainant to appear informally before the commission.

25. I object because the commission failed to serve an order issued by the commission under Tex. Gov. Code Sec. 33.022(c)(2)(B) on  the person who is the subject of the deposition and the judge who is the subject of the investigation. I object to such an order not being served within a reasonable time before the date of the deposition.

26. I object to the commission's filing of an application in a district court to enforce an order issued by the commission under Tex. Gov. Code Sec. 33.022(c)(2)(B) for failure to complete the filing.

27. I object to failure of the commission to notify the judge in writing of the disposition of a full investigation conducted by the commission under the section Tex. Gov. Code Sec. 33.022.

28. I object to failure of commission to conclude that formal proceedings will be instituted.

29. I object to failure of anyone to enter the matter in a docket to be kept for that purpose.

30. I object to failure of anyone to serve written notice of the institution of formal proceedings without delay.

31. I object to failure of proceedings to be entitled "Before the State Commission on Judicial Conduct Inquiry Concerning a Judge, No. _____"

32.     I object to this proceeding for violating my First Amendment right to petition the government for a redress of grievances.

33.     I object to this proceeding and all orders which might be entered against me for violating my Fourteenth Amendment right to be free from Texas government denying me life, liberty, and property without due process and equal protection under the law. U.S. Const. amend. XIV.  This Court is treating me differently from other litigants because of my gender. This Court is gender biased and refused to provide me the protections to which I am entitled as a victim of domestic violence and human trafficking.

34.     I object to this proceeding and all orders which might be entered against me for violating the requirement of procedural due process. The State of Texas is failing to ensure that I am not deprived of my interests without a fair opportunity to present my case. A procedural due-process analysis first asks whether the government's deprivation of a personal interest warrants procedural due-process protection. The personal interest at stake must be either a so-called "core" interest, meaning life, liberty, or vested property interests, or an interest springing from state law or other such independent sources, including Tex. Code Crim. Proc. Art. 7A and Art. 5.01. At times, I did not feel safe in my home or in my car which belong to me and my family.  I am being deprived of my life every day that I work on this matter in an attempt to get a protective order for myself without losing my right to bring a civil lawsuit later for monetary compensation and damages in tort and under contract, which is included in my right to trial by jury.  I introduce facts in this document only for the limited purpose of these objections to protect my Constitutional rights.

35.     I object to this matter and all orders which might be entered against me for adversely affecting a vested property right or otherwise violating my constitutional rights.

36.     I object to this proceeding and all orders which might be entered against me because the state supreme court is required to provide for procedures before the Commission and any formal proceedings, and this proceeding is not following any procedures. Tex. Const. art. V, § 1-a(11).

37.     I object to this proceeding and all orders which might be entered against me because under Tex. Gov't Code Ann. § 2001.171, a person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter. Tex. Gov't Code Ann. § 2001.171. The state supreme court recently ruled that this section provides an independent right to judicial review when an agency enabling statute neither specifically authorizes nor prohibits judicial review. I have exhausted all administrative remedies. *See Smith v. State Comm'n on Judicial Conduct*, 2005 Tex. App. LEXIS 10219 (Tex. App. Austin, Dec. 8, 2005).

38.     I object to this matter and all orders which might be entered against me because no judgment was rendered and the signatory erred in signing the final order without allowing me "an opportunity to object to the substance of the order."

39.     I object to this proceeding and all orders which might be entered against me for violating the open courts provision of the Texas Constitution, which provides that "all courts shall be open." Tex. Const. art. I, § 13.

40.     I object to Judge Renee Toliver and other magistrate judges, Angeline Bain, Ken Stone and Don Colleluori, Judge James Martin, Associate Judge Donald Turner, and Judge Emily

Tobolowsky and Judge Phyllis Lister Brown making disparaging sidebar remarks, not addressed to the court.

41.     I object to magistrate judges, judges, counsel, Angeline Bain, Ken Stone and Don Colleluori arguing facts that are not supported by evidence, such as the details of my fax machine, and expressing personal opinion.

42.     I object to no court reporter and no presiding judge. I object to rejection of my request for a court reporter to be present and transcribe.

43.     I object to the alleged transcript for including phrase "statement of facts" when the transcript clearly is not a statement of facts and does not even reflect the accurate words expressed that day.

44.     I object to the alleged transcript for including statement of "Petitioner" because no Petitioner was present and no petitioner made any statement.

45.     I object to the transcript for including a person on the record because such person is not a party and does not represent a party.

46.     I object to Brian Lidji who is or is not attorney of record for Leslie Ware.

47.     I object to Angeline Bain who is or is not guardian ad litem for either Leslie Ware or Chelsea Davis.

48.     I object to statements as AMBIGUOUS and VAGUE.

49.     I object to answers from Angeline Bain, Donald Turner, James Martin and Michele Morneault and others, if any, as non-responsive.

50.     I object to answers from Leslie Ware, Harlan Crow and Samuel Baxter as non-responsive.

51.     I object to any alleged statement by me and other statement as a witness as exceeding the scope of the question and constituting a volunteered statement.

52.     I object to improper arguments by Angeline Bain, Ken Stone and Donald Colleluori as improper for purposes of immunizing themselves and their clients from liability, REFERS TO FACTS NOT IN EVIDENCE, MISSTATES EVIDENCE, MISQUOTES WITNESS, VOUCHES FOR WITNESS, INDICATES PERSONAL BELIEF OR OPINION OF COUNSEL, UNFAIRLY PREJUDICIAL, COMMENT ON MY FAILURE TO TESTIFY AS CRIMINAL DEFENDANT, INDIRECT ATTACK ON ACCUSED BY ATTACKING INTEGRITY OF ME AS MY OWN CRIMINAL DEFENSE COUNSEL.

53.     I object to this Court hearing any criminal charge against me including continuous violation of a protective order, failure to appear, failure to pay child support or any other allegation which are ludicrous and which I was never properly charged with, the judge never signed any order or any charge, etc.

54.     I object to Judge Martin, Angeline Bain, and Ken Stone and magistrate judge and judges as ARGUMENTATIVE IN CONTENT AND TONE WITHOUT ASKING FOR NEW INFORMATION; USING HIS/HER QUESTION TO ARGUE THE CASE;

55.     I object to Leslie Ware, Harlan Crow, McKool Smith P.C., Samuel Baxter and their counsel and judges ASKING ONE WITNESS TO COMMENT ON THE VERACITY OF ANOTHER WITNESS' TESTIMONY IMPROPERLY INVADES THE PROVINCE OF THE JURY TO DETERMINE WITNESS CREDIBILITY AND IS IMPROPER CHARACTER EVIDENCE. (EXAMPLE: WHERE ONE WITNESS IS ASKED WHETHER ANOTHER WITNESS LIED OR TOLD THE TRUTH) [Note: There are lots of cases on this, but

prosecutors seem to have a proclivity for such "war the officer lying" questions on cross of the defendant, e.g., _United States v. Geston_, 299 F.3d 1130 (9th Cir. 2002); _United States v. Sullivan_, 85 F.3d 743 (1st Cir. 1996); _United States v. Boyd_, 54 F.3d 868 (D.C. Cir. 1995); _United States v. Richter_, 826 F.2d 206 (2nd Cir. 1987), and for "was the other officer telling the truth" questions on direct of officers, e.g., _United States v. Sanchez-Lima_, 161 F.3d 545 (9th Cir. 1998).]

56.     I object to Leslie Ware, Harlan Crow, McKool Smith P.C., Samuel Baxter and their counsel and judges ASKING A LAY WITNESS TO PROVIDE A PERSONAL EVALUATION OF EVIDENCE ADDUCED BY ANOTHER  WITNESS, ABOUT WHICH EVIDENCE THE WITNESS HAS NO PERSONAL OR EXPERT KNOWLEDGE. Brian Lidji has no personal or expert knowledge of which he states in his affidavit. I object to affidavit of Gary Eden as lacking knowledge and irrelevant.

57.     I object to transcript and other documents as not notarized and not official records.

58.     I object to affidavits as not sworn under oath subject to penalty of perjury or notarized. and object to introduction of all affidavits and papers to date into evidence.

59.     I object to ASSUMING FACTS NOT IN EVIDENCE (LOADED QUESTION THAT PREVENTS THE WITNESS FROM HAVING THE OPPORTUNITY TO DENY THE EXISTENCE OF THE ASSUMED FACT).

60.     I object to repetitious questions.

61.     I object to AUTHENTICATION LACKING OR IMPROPER (FAILURE TO IDENTIFY ITEM OF EVIDENCE, E.G., WRITING,  AND SHOW ITS LOGICAL RELEVANCE). I object for FAILURE TO LAY PROPER FOUNDATION.

62.    I object to Judge Martin and Associate Judge Donald Turner and counsel and judges BADGERING THE WITNESS (ALSO, QUARRELING WITH, ARGUING WITH, SHOUTING AT, BULLYING, LOOMING OVER, AND THREATENING) me.

63.    I object for violation of BEST EVIDENCE RULE VIOLATED (SEE ALSO, "ORIGINAL WRITING" RULE).

64.    I object to judges posing as judges when they were not acting in their official capacity.

65.    I object to panel composition.

66.    I object to persons for having conflict of interest, including direct financial interest in outcome.

67.    I object to BEYOND SCOPE OF DIRECT (IN JURISDICTIONS THAT LIMIT THE SCOPE OF CROSS TO THE SUBJECT  MATTER OF THE DIRECT AND MATTERS AFFECTING CREDIBILITY OF THE WITNESS).

68.    I object to violations of my BILL OF RIGHTS AND the EXCLUSIONARY RULE APPLICABLE.

69.    I object to ILLEGAL SEARCH AND SEIZURE, ILLEGAL IDENTIFICATION, CONFESSION INVOLUNTARY AND WITHOUT PROPER WARNINGS.

70.    I object to CHAIN OF CUSTODY NOT PROPERLY ESTABLISHED (PARTICULARLY WHEN ITEM IS FUNGIBLE AND THUS EASILY ALTERABLE AND NO SINGLE WITNESS CAN IDENTIFY THE ITEM WITH PERSONAL KNOWLEDGE).

71.    I object to CHARACTER EVIDENCE IMPROPER (E.G., TO ESTABLISH PROPENSITY)

72.     I object to COMPOUND QUESTION THAT CONTAINS TWO OR MORE QUESTIONS WITHIN A SINGLE QUESTION.

73.     I object to COMMENT ON EVIDENCE BY JUDGE.

74.     I object to COMMENT ON DEFENDANT'S POST-ARREST SILENCE FOR IMPEACHMENT PURPOSES WHEN DEFENDANT REMAINS SILENT *AFTER* BEING GIVEN *MIRANDA* WARNINGS VIOLATES DUE PROCESS [*Doyle v. Ohio*, 426 U.S. 610 (1976);but see *Jenkins v. Anderson*, 447 U.S. 231 (1980) okay to impeach accused with with prior prearrest silence, e.g., delay in reporting offense; *Anderson v. Charles*, 447 U.S. 404 (1980) okay to impeach accused with prior inconsistent statement after *Miranda* warning. See Impeachment].

75.     I object to CONFESSION OBTAINED WITHOUT REQUIRED WARNING AND VOLUNTARY WAIVER OF RIGHTS UNDER FIFTH AND SIXTH AMENDMENTS.

76.     I object to CONFESSION INVOLUNTARY to DWI unsigned, invalid charge and to alleged violation of a protective order.

77.     I object to relevance of communications between Angeline Bain and Chelsea Davis to criminal violation of protective order for the protection of Leslie Ware.

78.     I object to violation of CONFRONTATION CLAUSE OF SIXTH AMENDMENT VIOLATED  BY PROSECUTOR'S OFFER OF OUT-OF-COURT STATEMENT FOR A HEARSAY PURPOSE, I.E., FOR THE TRUTH OF THE MATTER ASSERTED IN THE STATEMENT, NOTWITHSTANDING THAT THE OUT-OF-COURT STATEMENT MAY APPEAR TO FIT WITHIN AN EXCEPTION OR EXEMPTION TO THE HEARSAY RULE [See *Crawford v. Washington*, 541 U.S. 36 (2004); See also the discussion at Motions].

79.     I object to any OUT-OF-COURT STATEMENT OF A WITNESS BEING OFFERED BY THE PROSECUTION AGAINST THE ACCUSED IN A CRIMINAL CASE  FOR THE TRUTH OF THE MATTER ASSERTED IN THE OUT-OF-COURT STATEMENT. I object because THERE WAS NO OPPORTUNITY FOR THE me TO CROSS-EXAMINE THE WITNESS AT THE TIME OF THE STATEMENT. I object because AT THE TIME OF THE TRIAL WHEN THE OUT-OF-COURT-STATEMENT was OFFERED, THE DECLARANT Angeline Bain, i.e., THE PERSON WHO MADE THE OUT-OF-COURT STATEMENT, was UNAVAILABLE AS A WITNESS; AND "THE OUT-OF-COURT STATEMENT OF THE UNAVAILABLE DECLARANT IS CLASSIFIED AS "TESTIMONIAL."

80.     I object to this Court proceeding with criminal prosecution without criminal prosecutor present or ever notifying me of the criminal charge.

81.     I object to THE COURT SUGGESTING THAT AFFIDAVITS, DEPOSITIONS, PRIOR TESTIMONY THAT THE DEFENDANT WAS UNABLE TO CROSS-EXAMINE, AND "STATEMENTS THAT WERE MADE UNDER CIRCUMSTANCES WHICH  WOULD LEAD AN OBJECTIVE WITNESS REASONABLY TO BELIEVE THAT THE STATEMENTS WOULD BE AVAILABLE FOR USE IN A LATER TRIAL" BECAUSE such WOULD BE CLASSIFIED AS "TESTIMONIAL" OUT-OF-COURT STATEMENTS.

82.     I object to DYING DECLARATIONS AND STATEMENTS OF CO-CONSPIRATORS Samuel F. Baxter or Sam Baxter, Brian Lidji, Ross Wells and Harlan Crow being introduced into evidence.

83.     I object to evidence of OUT-OF-COURT STATEMENT MADE FOR THE PRIMARY PURPOSE OF *SECURING HELP IN AN ONGOING EMERGENCY* as TESTIMONIAL.

84.     I object to STATEMENT BY A DOMESTIC ASSAULT VICTIM.

85.     I object to any allegation that I have committed a wrongful act causing me to FORFEIT MY SIXTH AMENDMENT RIGHT TO CONFRONT A WITNESS AGAINST ME. I have not committed a wrongful act. I am the victim. I have not waived my sixth amendment right.

86.     I object to THE PROSECUTION REPORT HAD BEEN CREATED SPECIFICALLY TO SERVE AS EVIDENCE IN A CRIMINAL PROCEEDING AND ABSENT STIPULATION, THE PROSECUTION COULD NOT INTRODUCE SUCH A REPORT WITHOUT OFFERING A LIVE WITNESS COMPETENT TO TESTIFY TO THE TRUTH OF THE STATEMENTS MADE IN THE REPORT.

87.     I object to any indication that "DOCUMENTS KEPT IN THE REGULAR COURSE OF BUSINESS MAY ORDINARILY BE ADMITTED AT TRIAL DESPITE THEIR HEARSAY STATUS, especially IF THE REGULARLY CONDUCTED BUSINESS ACTIVITY IS THE PRODUCTION OF EVIDENCE FOR USE AT TRIAL"

88.     I request and I am entitled to confront THE ANALYST WHO MADE THE CERTIFICATION.

89.     I request and am entitled to confront all physicians and other persons named in medical records.

90.     THE <u>CONFRONTATION</u> <u>CLAUSE</u> <u>OF</u> <u>THE</u> <u>SIXTH</u> <u>AMENDMENT</u> BARS USE OF *TESTIMONIAL* OUT-OF-COURT STATEMENT BY AN UNAVAILABLE WITNESS WHOM THE DEFENDANT HAS NOT HAD THE OPPORTUNITY TO CROSS-EXAMINE, IRRESPECTIVE OF WHETHER THE STATEMENT IS DEEMED RELIABLE; THE STATEMENT IS INADMISSIBLE AS UNCROSS EXAMINED.

91.     I object to denial of LIVE CONFRONTATION, FACE-TO-FACE.

92.     I object as this court must avoid trauma to me.

93.     I object for CONFUSION OF ISSUES, CONTINUING (RUNNING) OBJECTION.

94.     I object to COUNSEL AT TRIAL, and have the RIGHT TO PROCEED WITHOUT and refuse counsel.

95.     I object to the extent CROSS-EXAMINATION TO SHOW BIAS is IMPROPERLY DENIED. [See *Davis v. Alaska*, 415 U.S. 308 (1974).]

96.     I object to denial of CROSS-EXAMINATION BY TRIAL COURT LIMITING MY CONTACT WITH WITNESS [See *Delaware v. Van Arsdall*, 475 U.S. 673 (1986); *Perry v. Leeke*, 488 U.S. 272 (1989)].

97.     I object to CUMULATIVE EVIDENCE, NEEDLESSLY, IN THAT IT FAILS TO ADD TO THE PROBITY OF PREVIOUSLY ADMITTED EVIDENCE and is a DISCOVERY VIOLATION. [*Brady v. Maryland*, 373 U.S. 83 (1963);*United States v. Agurs*, 427 U.S. 97 (1976); *United States v. Bagley*, 473 U.S. 667 (1985); *Kyles v. Whitley,* 514 U.S. 419 (1995); *Strickler v. Greene*, 527 U.S. 263 (1999) (materiality, i.e., reasonable probability of different result, required).

98.     I object to DISPLAYING EVIDENCE PRIOR TO ITS INTRODUCTION OR CONTINUING TO DISPLAY EVIDENCE AFTER IT HAS BEEN USED.

99.     I object to EXPERT TESTIMONY NOT ADMISSIBLE (E.G., UNDERLYING FACTS OR DATA INSUFFICIENT; FIELD OF SCIENTIFIC, TECHNOLOGICAL OR ANOTHER SPECIALTY OF EXPERTISE NOT RELIABLE AND/OR RELEVANT BASED ON *DAUBERT* FACTORS SUCH AS: (1) WHETHER THE PRINCIPLE HAS BEEN TESTED, (2)

THE RESULTS OF PUBLISHED PEER REVIEW, (3) ERROR RATES AND (4) GENERAL ACCEPTANCE; OLD *FRYE - United States v. Frye*, 293 F. 1013 (D.C. 1923) (1) RULE REQUIRES GENERAL ACCEPTANCE) [See Expert]

100.    I object to EXPERT WITNESS NOT COMPETENT.

101.    I object to FAILURE TO LAY PROPER FOUNDATION FOR ADMISSION OF TESTIMONY, EXHIBIT, OR DOCUMENT (for lack of evidentiary PREDICATE).

102.    I object to FINAL ARGUMENT as IMPROPER because not made by me.

103.    I object to GOADING THE DEFENSE INTO MOVING FOR A MISTRIAL, PROSECUTORIAL CONDUCT INTENDED TO AND IN FACT SUCCEEDING IN  [Note: *Oregon v. Kennedy*, 456 U.S. 667 (1982) established that where the prosecutor's conduct is intended to "goad" the defense into moving for a mistrial, the defense may successfully claim that a retrial is barred by the Fifth Amendment protection against double jeopardy.  The idea behind this ground for objection is that prosecutors shouldn't be permitted by intentional misconduct to force a mistrial that will allow them to retry the accused when conditions are better, e.g., a missing witness may be found, a more conviction-oriented jury may be empanelled, etc. In Texas, the rule also applies by case law to "reckless" goading.

104.    I object to HABIT NOT ESTABLISHED, IMPROPER HABIT EVIDENCE BECAUSE HEARSAY.

105.    I object to HEARSAY WITHIN HEARSAY.

106.    I object to HEARSAY, EVIDENCE CONTAINS HEARSAY, EVIDENCE IS THE RESULT OF AND IS BASED UPON ILLEGAL SEARCH AND SEIZURE IN VIOLATION OF FOURTH AMENDMENT.

107.    I object to ILLEGAL <u>IDENTIFICATION</u>.

108.    I object to INVOLUNTARY CONFESSION IN VIOLATION OF <u>DUE</u> <u>PROCESS</u> <u>OR</u> <u>LAW</u>.

109.    I object to evidence as IMMATERIAL IN THAT IT IS OF NO CONSEQUENCE TO ANY ISSUE IN THE CASE (COUPLE WITH IRRELEVANT).

110.    I object to evidence as IMPEACHMENT IMPROPER (IMPROPER OPINION OR REPUTATION CHARACTER EVIDENCE - RULE 404 <u>FRE</u>, IMPROPER PROOF OF PRIOR CONVICTION - RULE 609 <u>FRE</u>, IMPROPER FOUNDATION FOR PROOF OF WITNESS' PRIOR INCONSISTENT STATEMENT - RULE 613 <u>FRE</u>, IMPROPER PROOF OF UNTRUTHFULNESS -RULE 608 FRE, IMPEACHMENT WITH AN IRRELEVANT OR COLLATERAL MATTER - RULE 403 <u>FRE</u>).

111.    I object to INCOMPETENCY OF WITNESS (E.G., LACK OF PERCEPTION, LACK OF MEMORY, INABILITY TO UNDERSTAND NATURE AND OBLIGATION OF OATH - RULE 603 <u>FRE</u>, INABILITY TO NARRATE OR COMMUNICATE IN LANGUAGE OF COURT, LACK OF PERSONAL KNOWLEDGE - RULE 602 <u>FRE</u>, LACK OF EXPERTISE TO TESTIFY AS AN EXPERT - RULE 702 <u>FRE</u> ) [Note that the competency under RULE 601 <u>FRE</u> is that "every person is competent to be a witness unless these rules provide otherwise. But in a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision." So children, retarded persons, insane persons, etc., are not automatically  disqualified to testify in federal criminal cases.]

112.    I object to evidence as IRRELEVANT IN THE SENSE THAT IT DOES NOT MAKE A FACT OF CONSEQUENCE TO THE LAWSUIT ANYMORE OR LESS LIKELY - RULE 401 FRE.

113.    I object to JUDICIAL NOTICE IMPROPER - RULE 201 FRE.

114.    I object to JUDGE ASKING QUESTION THAT IMPROPERLY INFLUENCES THE JURY AND/OR INTERFERES WITH COUNSEL'S PRESENTATION OF CASE.

115.    I object to evidence for LACK OF EVIDENTIARY PREDICATE (FOUNDATION) FOR ADMISSION OF TESTIMONY, EXHIBIT, OR DOCUMENT.

116.    I object to evidence as LACK OF PERSONAL KNOWLEDGE (WITNESS, OTHER THAN EXPERT, DOES NOT HAVE FIRST-HAND INFORMATION) - RULE 602 FRE.

117.    I object to evidence as LAY WITNESS OPINION AND/OR INFERENCE IMPROPER; NOT HELPFUL TO CLEAR UNDERSTANDING OF WITNESS' TESTIMONY OR DETERMINATION OF FACT IN ISSUE, NOT RATIONALLY BASED ON PERCEPTION OF WITNESS (E.G., SEE RULE 701 FRE)

118.    I object to LEADING QUESTION ON DIRECT EXAMINATION (QUESTION SUGGESTS OR COAXES DESIRED ANSWER) - RULE 611(C) FRE.

119.    I object to transcript and orders, questions call for or answer contains LEGAL CONCLUSION.

120.    I object to evidence/protective orders/sealing orders offered generally or against all parties rather than for LIMITED PURPOSE OR PARTY, EVIDENCE ADMISSIBLE ONLY FOR A LIMITED PURPOSE OR LIMITED TO A PARTICULAR PARTY - RULE 105 FRE.

121.    I object to Angeline Bain's statements and proposed orders as MISLEADING THE JUDGE or JURY.

122.    I object to MISSTATEMENT (MISCHARACTERIZATION) OF EVIDENCE BY COUNSEL (OR WITNESS).

123.    I object to NON-RESPONSIVE ANSWERS to my subpoenas and discovery requests.

124.    I object to OPENING STATEMENT IMPROPER ( E.G., ARGUMENTATIVE, INVADES PROVINCE OF COURT BY PROVIDING INSTRUCTIONS ON LAW, STATES PERSONAL OPINION OR BELIEF OF COUNSEL, PROSECUTOR SPECULATING ABOUT DEFENSE EVIDENCE).

125.    I object to statements by counsel and judge as OPINION ON ULTIMATE ISSUE.

126.    I object to admissibility of PRIOR BAD ACTS, MISCONDUCT, WRONGS, OR OTHER CRIMES (UNCHARGED MISCONDUCT, EXTRANEOUS OFFENSES) IMPROPER TO SHOW PROPENSITY/DISPOSITION (SEE RULE 404(B) <u>FRE</u>)

127.    I object to admissibility of PRIOR CONVICTION.

128.    I object to admissibility of PRIOR SEXUAL BEHAVIOR.

129.    I object to lay witness for lack of PERSONAL KNOWLEDGE.

130.    I object to use of my POST-ARREST SILENCE AGAINST me.

131.    I object to admission of PRIVILEGED COMMUNICATION (E.G., ATTORNEY-CLIENT; DOCTOR-PATIENT (IF ANY); CLERGY; INFORMANT'S IDENTITY; SPOUSAL CAPACITY; SPOUSAL OR MARITAL COMMUNICATION; SELF-INCRIMINATION).

132.    I object because QUESTION HAS BEEN ANSWERED BY WITNESS AND IS NOW GIVING AN ANSWER THAT GOES BEYOND THE QUESTION POSED  (SEE WITNESS HAS ANSWERED).

133.    I object to QUESTION ON CROSS-EXAMINATION GOES BEYOND SCOPE OF DIRECT AND ISSUES OF WITNESS CREDIBILITY.

134.    I object on basis of REMAINDER RULE, EVIDENCE OF WRITING OR RECORDED STATEMENT SHOULD NOT IN FAIRNESS BE CONSIDERED CONTEMPORANEOUSLY UNDER THE Remainder rule.

135.    I object - this is not a divorce, there are no children at issue. I do not have a child.

136.    I object due to RELEVANCE LACKING (SEE IRRELEVANT) ( E.G., HAS NO TENDENCY TO MAKE EXISTENCE OF ANY FACT OF CONSEQUENCE TO THE CASE MORE OR LESS PROBABLE THAN IT WOULD BE WITHOUT THE EVIDENCE).

137.    I object to RELIGIOUS BELIEFS OR OPINIONS OF WITNESS INADMISSIBLE TO SHOW WITNESS' CREDIBILITY IMPAIRED OR ENHANCED (E.G., SEE RULE 610 FRE).

138.    I object for REPETITIOUS (SEE ASKED AND ANSWERED).

139.    I object because REQUIREMENT OF ORIGINAL VIOLATED (SEE BEST EVIDENCE RULE, ORIGINAL DOCUMENT RULE).

140.    I object to SENTENCE INCREASE BY THE TRIAL JUDGE ABOVE STATUTORY MAXIMUM VIOLATES SIXTH AMENDMENT RIGHT TO TRIAL BY JURY [ See *Blakely v. Washington*, 542 U.S. 296 (2004)].

141.    I object to SEQUESTRATION OF WITNESSES ("THE RULE" OF WITNESSES) VIOLATION (AS WHEN EVIDENCE THAT ANOTHER WITNESS HAS MADE NOTATIONS UPON IS PRESENTED TO A TESTIFYING WITNESS).

142.    I object to SHACKLING, BINDING, GAGGING, NOT APPROPRIATE UNDER CIRCUMSTANCES [See *Illinois v. Allen*, 397 U.S. 337 (1970)]

143.    I object to SIDEBAR REMARK (SIDEBAR REMARKS ARE STATEMENTS OF COUNSEL  FOR ONE PARTY NOT ADDRESSED TO THE COURT AND TYPICALLY MADE WHILE COUNSEL FOR ANOTHER PARTY IS EXAMINING A WITNESS, ARGUING A QUESTION TO THE COURT OR ADDRESSING THE JURY.)

144.    I object to SPECULATION (CONJECTURE, GUESS).

145.    I object to SUPPRESSION HEARING TESTIMONY OF ACCUSED NOT ADMISSIBLE AT TRIAL [*Simmons v. United States*, 390 U.S. 377 (1968), e.g., testimony given by defendant at suppression hearing to establish "standing" may not be used against her at trial on the issue of guilt; but see *Harris v. New York*, 401 U.S. 222 (1971) which allows the use of statements obtained in violation of Miranda for impeachment purposes.]

146.    I object to TRIAL *IN ABSENTIA* NOT PERMITTED WHERE DEFENDANT NOT PRESENT AT BEGINNING OF TRIAL; ACCUSED HAS RIGHT TO BE PRESENT [See *Crosby v. United States*, 506 U.S. 255 (1993); *United States v. Gagnon*, 470 U.S. 522 (1985)].

147.    I object to UNDUE DELAY.

148.    I object to UNFAIRLY PREJUDICIAL (E.G. RULE 403 FRE - POTENTIAL DANGER OF "*UNFAIR*" PREJUDICE SUBSTANTIALLY OUTWEIGHS PROBATIVE VALUE - OBJECTING PARTY HAS Burden of Proof; OBJECT THAT THE OTHERWISE

ARGUABLY RELEVANT EVIDENCE UNFAIRLY EXAGGERATES THE TRUTH AND TENDS TO IMPROPERLY STIR THE PASSIONS OR SYMPATHY OF THE JURORS.

149.    I object to VAGUENESS.

150.    I object to WASTE OF TIME.

151.    WEARING PRISON GARB VIOLATES DUE PROCESS [See *Estelle v. Williams*, 425 U.S. 501 (1976)].

152.    I object that WITNESS HAS ANSWERED THE QUESTION AND IS NOW VOLUNTEERING  AN ANSWER TO A QUESTION THAT HASN'T BEEN ASKED.

153.    I object to the form of the question.

154.    I object to the form of the question as ARGUMENTATIVE QUESTION  -  Rule 611(a) TRE, FRE.

155.    I object to the form of the question as ASKED AND ANSWERED (See Duplicitous)  - Rule 403 TRE, FRE;  611(a) TRE, FRE.

156.    I object to the form of the question as ASSUMING FACTS NOT IN EVIDENCE  -  Rule 611(a) TRE, FRE.

157.    I object to the form of the question as BADGERING THE WITNESS (See Harassing)  - Rule 611(a) TRE, FRE.

158.    I object to the form of the question as COMPOUND QUESTION   Rule 611(a)TRE  - Rule 611(a) TRE, FRE.

159.    I object to the form of the question as DUPLICITOUS (See Asked and Answered and Needlessly Cumulative)  -  Rule 403 TRE, FRE ; Rule 611(a) TRE, FRE.

160.    I object to the form of the question as HARASSING THE WITNESS  -  Rule 611(a) TRE, FRE.

161.    I object to the form of the question as LEADING AND SUGGESTIVE  - Rule 611(c) TRE, FRE.

162.    I object to the form of the question as NARRATIVE RESPONSE, INVITES A  -  Rule 611(a) TRE, FRE.

163.    I object to the form of the question as REPETITIOUS  -  Rule 611(a) TRE, FRE.

164.    I object to the form of the question as  UNINTELLIGIBLE  -  Rule 611(a) TRE, FRE.

165.    I object to the form of the question as VAGUE -  Rule 611(a) TRE, FRE.

166.    I objections to the Substantive Admissibility of  Evidence due to AUTHENTICATION, INSUFFICIENT AND IMPROPER  - Rule 901 TRE, FRE.

167.    I objections to the Substantive Admissibility of  Evidence due to BEST EVIDENCE (ORIGINAL WRITING) RULE, NOT THE ORIGINAL WRITING, RECORDING, OR PHOTOGRAPH  Rule 1002 TRE, FRE.

168.    I objections to the Substantive Admissibility of Evidence due to BOLSTERING  - WITH IMPROPER CHARACTER EVIDENCE Rule 607 TRE Rule 608 TRE, FRE;

169.    I objections to the Substantive Admissibility of  Evidence due to WITH   PRIOR CONSISTENT STATEMENT Rule 801(e)(1)(b) TRE. Rule 801(d)(1)(b) FRE.

170.    I objections to the Substantive Admissibility of  Evidence due to CHARACTER EVIDENCE, IMPROPER PROOF OF CHARACTER *TRAIT* OF *DEFENDANT* OR *VICTIM* - Rule 404(a) TRE.

171.    I objections to the Substantive Admissibility of  Evidence due to NOT A *PERTINENT* CHARACTER TRAIT OF DEFENDANT/VICTIM. Rule 404(a) TRE.

172.    I objections to the Substantive Admissibility of  Evidence due to PROSECUTION OFFERING EVIDENCE OF *DEFENDANT'S* PERTINENT CHARACTER TRAIT *BEFORE* DEFENDANT OFFERED EVIDENCE OF SUCH CHARACTER TRAIT; THEREFORE, THE EVIDENCE IS NOT IN PROPER REBUTTAL.  Rule 404 (a) (1) TRE.

173.    I objections to the Substantive Admissibility of  Evidence due to PROSECUTION OFFERING EVIDENCE OF *VICTIM'*S PERTINENT CHARACTER TRAIT *BEFORE* DEFENSE OFFERED EVIDENCE OF SUCH TRAIT [HOMICIDE/SELF DEFENSE EXCEPTION: ALSO, THIS IS NOT PROSECUTION EVIDENCE OF THE PEACEABLE CHARACTER OF THE VICTIM OFFERED BY THE PROSECUTION IN A *HOMICIDE* CASE TO REBUT PREVIOUS DEFENSE EVIDENCE THAT THE VICTIM WAS THE *FIRST AGGRESSOR*.]  Rule 404 (a) (2) TRE.

174.    I objections to the Substantive Admissibility of  Evidence due to *SPECIFIC INSTANCES* OF my CHARACTER TRAIT NOT ADMISSIBLE BECAUSE THE TRAIT IS NOT AN *ESSENTIAL ELEMENT* OF THE CHARGE OR DEFENSE.  Rule 405(b) TRE.

175.    I objections to the Substantive Admissibility of  Evidence due to CHARACTER EVIDENCE, IMPROPER PROOF OF *WITNESS'* CHARACTER FOR TRUTHFULNESS OR UNTRUTHFULNESS  -  Rule 608 TRE.

176.    I objections to the Substantive Admissibility of  Evidence due to CHARACTER TRAIT INQUIRY *TOO BROAD* BECAUSE RULE 608 REFERS ONLY TO TRAIT OF A WITNESS

FOR *TRUTHFULNESS* *OR* *UNTRUTHFULNESS* AND NOT CHARACTER GENERALLY OR ANY OTHER SPECIFIC CHARACTER TRAITS -  Rule 608 (a)(1) <u>TRE</u>.

177.    I objections to the Substantive Admissibility of  Evidence due to MAY NOT BOLSTER YOUR WITNESS WITH POSITIVE EVIDENCE OF TRUTHFUL CHARACTER *BEFORE* WITNESS' CHARACTER FOR TRUTHFULNESS HAS BEEN ATTACKED BY REPUTATION, OPINION, OR OTHERWISE.  -  Rule 608 (a) (2) <u>TRE</u>.

178.    I objections to the Substantive Admissibility of  Evidence due to SPECIFIC INSTANCES OF WITNESS' <u>CREDIBILITY</u> ["CREDIBILITY" PROBABLY MEANS "CHARACTER FOR TRUTHFULNESS"] OR LACK OF IT NOT ADMISSIBLE ON CROSS OR BY EXTRINSIC EVIDENCE.  -  Rule 608 (b) <u>TRE</u>. [NOTE:  I BELIEVE THAT THIS PORTION OF THE RULE IS MEANT TO BE AN ABSOLUTE BAR ON CROSS OR EXTRINSIC EVIDENCE *ONLY* WHEN THE SOLE REASON FOR PROFFERING THAT EVIDENCE IS TO ATTACK OR SUPPORT THE WITNESS' CHARACTER FOR TRUTHFULNESS; ANY RIGHT TO CROSS ON OR INTRODUCE EXTRINSIC EVIDENCE FOR OTHER GROUNDS OF IMPEACHMENT, E.G., BIAS, CONTRADICTION, PRIOR INCONSISTENT STATEMENT, IS LEFT TO RULES 402 <u>TRE</u> AND 403 <u>TRE</u>, NOT 608 (B) ]

179.    I objections to the Substantive Admissibility of  Evidence due to CHARACTER EVIDENCE, IMPROPER EFFORT TO IMPEACH *WITNESS* WITH PROOF OF *PRIOR CONVICTION* -  Rule 609 <u>TRE</u>.

180.    I objections to the Substantive Admissibility of  Evidence due to PROOF NOT ELICITED FROM THE WITNESS OR BY PUBLIC RECORD. - Rule 609 (a) <u>TRE</u>.

181.   I objections to the Substantive Admissibility of  Evidence due to PROPONENT OF IMPEACHMENT DID NOT SUSTAIN THE BURDEN OF PROVING THAT THE PROBATIVE VALUE OF ADMITTING THE PROOF OF THE PRIOR CONVICTION OUTWEIGHS ITS PREJUDICIAL EFFECT TO THE DEFENSE (OR PROSECUTION). [NOTE: THE BALANCING TEST HERE, UNLIKE RULE 403 TRE, PREVENTS IMPEACHMENT OF A WITNESS WITH A PRIOR CONVICTION, UNLESS THE PARTY SEEKING TO IMPEACH CAN SUSTAIN THE BURDEN OF PROVING THAT THE PROBATIVE VALUE OF THE IMPEACHMENT WITH THE OTHERWISE ADMISSIBLE PRIOR OUTWEIGHS ITS PREJUDICIAL EFFECT TO A PARTY.] SEE *THEUS V. STATE*, 845 SW2D 874 (Tex. Crim. App. 1992) SETTING OUT THE 5 FACTORS IN THE BALANCING TEST, I.E., (1) IMPEACHMENT VALUE OF THE PRIOR, (2) TEMPORAL PROXIMITY OF PAST CRIME TO THE PRESENT CRIME CHARGED.AND WITNESS' SUBSEQUENT HISTORY,  (3) SIMILARITY OF PAST CRIME AND OFFENSE BEING TRIED, (4) IMPORTANCE OF DEFENDANT'S TESTIMONY, AND (5) IMPORTANCE OF THE CREDIBILITY ISSUE [Note: The first factor attributes greater impeachment value to prior convictions involving deception or moral turpitude than crimes involving violence because violent crimes are more likely to have a prejudicial effect. The second factor favors admission of the prior conviction if the past crime is recent and if the witness has demonstrated a propensity for running afoul of the law. The third factor. similarity between an offense and the current offense. militates against admissibility, whereas dissimilarity between the prior offenses and the current offense favors admissibility. The fourth factor focuses on the importance of the defendant's testimony; when the evidence presented in a case involves only the defendant's

testimony versus the testimony of the prosecution's witnesses, the importance of the defendant's testimony escalates; as the importance of the defendant's credibility escalates, the need to allow the prosecution an opportunity to impeach the defendant's credibility also escalates. The fifth factor, which is very similar to the fourth factor, focuses on the importance of the credibility issue; for example, when the evidence presented in a case involves only the defendant's testimony versus the testimony of the State's witnesses, the importance of the defendant's credibility escalates; as the importance of the defendant's credibility escalates, the need to allow the prosecution an opportunity to impeach the defendant's credibility also escalates. With regard to obtaining a reversal for error in the trial court's application of the Theus balancing test the cases say that "A trial court abuses its "wide discretion" when its decision to admit a prior conviction lies outside the zone of reasonable disagreement." (1) Rule 609 (a) <u>TRE</u>

182. I objections to the Substantive Admissibility of Evidence due to A PERIOD OF *<u>MORE THAN TEN YEARS</u>* HAS ELAPSED SINCE THE DATE OF THE *<u>CONVICTION</u>* OR THE *<u>RELEASE</u>* OF THE WITNESS FROM THE CONFINEMENT IMPOSED FOR THAT CONVICTION WHICHEVER IS THE *<u>LATER DATE</u>*. [*INTERNAL BALANCING EXCEPTION*: THE OTHERWISE REMOTE PRIOR CONVICTION MAY BE ADMISSIBLE IN THE INTERESTS OF JUSTICE IF THE PROPONENT OF THE IMPEACHMENT INTRODUCES FACTS AND CIRCUMSTANCES THAT PROVE THAT THE PROBATIVE VALUE OF THE REMOTE CONVICTION SUBSTANTIALLY OUTWEIGHS ITS PREJUDICIAL EFFECT.] - Rule 609 (b) <u>TRE</u>.

183. I objections to the Substantive Admissibility of Evidence due to THE CONVICTION WAS PROBATED AND THE WITNESS SATISFACTORILY COMPLETED THE

PROBATION AND THE WITNESS HAS NOT BEEN CONVICTED OF A SUBSEQUENT FELONY OR MISDEMEANOR INVOLVING MORAL TURPITUDE. -  Rule 609 (c) (2) <u>TRE</u>.

184.    I objections to the Substantive Admissibility of  Evidence due to THE PROPONENT OF THE CONVICTION WAS ASKED BY THE OPPONENT IN A TIMELY WRITTEN REQUEST TO PROVIDE WRITTEN NOTICE OF INTENT TO USE EVIDENCE OF A PRIOR CONVICTION TO IMPEACH THE WITNESS AND THE PROPONENT FAILED TO GIVE THE OPPONENT SUFFICIENT ADVANCE NOTICE  THAT WOULD ALLOW THE OPPONENT A FAIR OPPORTUNITY TO CONTEST THE USE OF SUCH PRIOR CONVICTION TO IMPEACH THE WITNESS.  - Rule 609 (f) <u>TRE</u>.

185.    I objections to the Substantive Admissibility of  Evidence due to COMPETENCE, WITNESS' LACK OF  -  Rule 601 <u>TRE</u>.

186.    I objections to the Substantive Admissibility of  Evidence due to CONFUSING THE ISSUES  -  Rule 403 <u>TRE</u>.

187.    I object for failure to receive notice and service of any protective order against me.

188.    I    objections    to    the    Substantive    Admissibility    of      Evidence    due    to CROSS-EXAMINATION, DENIAL OF THE RIGHT OF  -  Rule 611 (a) and (b) <u>TRE</u>.

189.    I objections to the Substantive Admissibility of  Evidence due to CUMULATIVE EVIDENCE, NEEDLESS PRESENTATION OF   -  Rule 403 <u>TRE</u>.

190.    I objections to the Substantive Admissibility of  Evidence due to EXPERT IS NOT QUALIFIED BY KNOWLEDGE, SKILL, EXPERIENCE, TRAINING OR EDUCATION    - Rule 703 <u>TRE</u>, FRE.

191.    I objections to the Substantive Admissibility of  Evidence due to EXPERT'S CLAIMED FIELD OF EXPERTISE IS NOT GENERALLY RECOGNIZED AS A SCIENTIFIC, TECHNICAL, OR OTHERWISE  SPECIALIZED DISCIPLINE  -  Rule 702 TRE.

192.    I objections to the Substantive Admissibility of  Evidence due to EXTRANEOUS OFFENSE (UNCHARGED MISCONDUCT; PRIOR BAD ACTS, CRIMES, OR WRONGS; IMPROPER PROPENSITY EVIDENCE), IMPROPER CHARACTER EVIDENCE IN THE FORM OF PROOF OF  -  EVIDENCE  OF OTHER CRIMES, WRONGS, OR BAD ACTS IS NOT ADMISSIBLE TO PROVE THE CHARACTER OF A PERSON  IN ORDER TO SHOW CONFORMITY THEREWITH; HOWEVER. PROOF OF PRIOR BAD ACTS MAY BE ADMISSIBLE FOR SOME *LIMITED* PURPOSE, SUCH AS PROOF OF (1) motive, (2) opportunity, (3) intent, (4) preparation,  (5) plan, (6) knowledge, (7) identity, (8) absence of mistake of fact or accident or (9) other unlisted reason.    SEE *MONTGOMERY V. STATE*, 810 SW2D 372 (TEX. CRIM. APP. 1991)  WHICH IS THE SEMINAL CASE ON RULE 404(b) TRE PROOF OF UNCHARGED MISCONDUCT (EXTRANEOUS OFFENSES)   -  Rule 404(b) TRE. [NOTE: THIS RULE SEEMS TO ALLOW THE PROPONENT TO OFFER PROOF OF PRIOR BAD ACTS OF A PERSON FOR ANY RELEVANT AND PROPER PURPOSE OTHER THAN PROPENSITY. FURTHER, IF THE PROSECUTION'S PROOF OF THE PRIOR BAD ACT IS WEAK, I SUGGEST THAT THE  DEFENSE TRY TO KEEP SUCH EVIDENCE FROM THE JURY AND OBJECT TO IT PRIOR TO ITS INTRODUCTION BEFORE THE JURY ON THE GROUND THAT THE PROSECUTION'S PROOF OF THE PRIOR BAD ACT IS INSUFFICIENT TO SUPPORT A REASONABLE JUROR FINDING THE EXISTENCE OF SUCH PRIOR BAD ACT BEYOND A

REASONABLE DOUBT. REMEMBER ALSO THAT THERE IS A PRETRIAL NOTICE REQUIREMENT IMPOSED ON THE PROSECUTION TO REVEAL "OTHER CRIMES, WRONGS,   OR ACTS" EVIDENCE THAT THE PROSECUTION INTENDS TO INTRODUCE IN ITS CASE-IN-CHIEF, *PROVIDED* THAT THERE IS A TIMELY DEFENSE REQUEST FOR SUCH NOTICE. FINALLY, ALWAYS REMEMBER THAT IF YOUR RULE 404(b) <u>TRE</u> OBJECTION TO PROOF OF EXTRANEOUS OFFENSES (UNCHARGED MISCONDUCT, PRIOR BAD ACTS) IS OVERRULED, YOU SHOULD ALSO OBJECT TO THE PROOF AS BEING INADMISSIBLE UNDER RULE 403 <u>TRE</u>. ]

193.   I objections to the Substantive Admissibility of   Evidence due to HABIT, INADMISSIBLE   -   CONDUCT NOT SUFFICIENTLY SHOWN TO BE ROUTINE PRACTICE  - Rule 406 <u>TRE</u>.

194.   I objections to the Substantive Admissibility of  Evidence due to HEARSAY  -  AN OUT-OF-COURT STATEMENT BY A DECLARANT OFFERED FOR THE TRUTH OF THE MATTER ASSERTED  -  Rule 802 <u>TRE</u>.

195.   I objections to the Substantive Admissibility of  Evidence due to HEARSAY WITHIN HEARSAY   -   ONE PART OF THE COMBINED HEARSAY STATEMENTS DOES NOT CONFORM TO AN  EXCEPTION  TO THE HEARSAY RULE  -  Rules 802 <u>TRE</u> & RULE 805 <u>TRE</u>.

196.   I objections to the Substantive Admissibility of  Evidence due to IMPEACHMENT, IMPROPER

197.   I objections to the Substantive Admissibility of  Evidence due to STATEMENT OR CIRCUMSTANCES SHOWING *BIAS* OR *INTEREST* OF WITNESS - (1) WITNESS NOT

INFORMED OF CONTENTS AND WHERE, WHEN, AND TO WHOM STATEMENT SHOWING BIAS OR INTEREST WAS MADE, OR (2) WITNESS NOT GIVEN AN OPPORTUNITY TO EXPLAIN OR DENY STATEMENT OR CIRCUMSTANCES ON CROSS-EXAMINATION -- Rule 613 (b) <u>TRE</u>.

198.    I objections to the Substantive Admissibility of  Evidence due to CHARACTER TRAIT OF A WITNESS FOR VERACITY (UNTRUTHFULNESS/TRUTHFULNESS) BASED ON *OPINION* (OR *REPUTATION*)  -  VERACITY CHARACTER WITNESS NOT SHOWN TO HAVE SUFFICIENT KNOWLEDGE OF SUBJECT WITNESS UPON WHICH TO FORM A PERSONAL OPINION CONCERNING THE CHARACTER TRAIT OF SUBJECT WITNESS' VERACITY OR VERACITY CHARACTER WITNESS NOT SHOWN TO HAVE SUFFICIENT KNOWLEDGE OF SUBJECT WITNESS' REPUTATION IN THE RELEVANT COMMUNITY FOR  CHARACTER TRAIT OF VERACITY. Rule 608(a) <u>TRE</u>

199.    I objections to the Substantive Admissibility of  Evidence due to PRIOR INCONSISTENT STATEMENT OF WITNESS - (1) WITNESS NOT INFORMED OF *CONTENTS* AND *WHERE*, *WHEN*, AND *TO WHOM* ALLEGED PRIOR INCONSISTENT STATEMENT WAS MADE, OR  (2) WITNESS NOT GIVEN AN OPPORTUNITY TO EXPLAIN OR DENY STATEMENT ON CROSS-EXAMINATION.  -  Rule 613 (a) <u>TRE</u>.

200.    I objections to the Substantive Admissibility of  Evidence due to PRIOR CONVICTION OF WITNESS - REFER TO *CHARACTER EVIDENCE RE <u>RULE 609</u>* <u>TRE</u> <u>ABOVE</u> FOR AN EXPLANATION OF WHEN PROOF OF A WITNESS' PRIOR CONVICTION MAY BE INADMISSIBLE)  - Rule 609 <u>TRE</u>.

201.  I objections to the Substantive Admissibility of  Evidence due to PROOF OF EXTRANEOUS OFFENSE, UNCHARGED MISCONDUCT INCLUDING CRIMES, WRONGS, AND OR ACTS - REFER TO EXTRANEOUS OFFENSE RE RULE 404(b) TRE ABOVE FOR  AN EXPLANATION OF THE OBJECTION TO IMPROPER EVIDENCE OF PROPENSITY TO COMMIT CRIME IN AN EFFORT TO SHOW THE PERSON'S CONDUCT IN THE INSTANT CASE WAS IN CONFORMITY TO SUCH PRIOR MISCONDUCT.

202.   I objections to the Substantive Admissibility of  Evidence due to IRRELEVANT  -  HAS *NO* TENDENCY TO MAKE THE EXISTENCE OF *ANY* FACT OF CONSEQUENCE TO THE DETERMINATION OF THE CRIMINAL ACTION *MORE PROBABLE OR LESS PROBABLE* THAN IT WOULD BE WITHOUT THE EVIDENCE  -  Rule 402 TRE. [HINT: YOU MAY HAVE AN OUT-OF-COURT STATEMENT THAT QUALIFIES AS ADMISSIBLE HEARSAY , BUT WHICH IS INADMISSIBLE BECAUSE IT IS NOT RELEVANT; ALWAYS ASK YOURSELF IF THE OUT-OF-COURT STATEMENT IS RELEVANT. ALSO, BE CAREFUL IN YOUR OPENING AND QUESTIONS NOT TO "OPEN THE DOOR" (EXPAND THE ADMISSIBILITY) TO DAMAGING EVIDENCE THAT OTHERWISE WOULD BE IRRELEVANT.]

203.   I objections to the Substantive Admissibility of  Evidence due to JUDICIAL; NOTICE , IMPROPER  -  Rule 201 TRE

204.   I objections to the Substantive Admissibility of  Evidence due to JUDICIALLY NOTICE FACT WAS NEITHER: (1) GENERALLY KNOWN WITHIN THE TERRITORIAL JURISDICTION OF THE TRIAL COURT, NOR (2) CAPABLE OF ACCURATE AND

READY DETERMINATION BY RESORT TO SOURCES WHOSE ACCURACY CANNOT BE REASONABLY DISPUTED.  -  Rule 201 (b) <u>TRE</u>

205.    I objections to the Substantive Admissibility of  Evidence due to THE OBJECTING PARTY, AFTER MAKING A   TIMELY REQUEST, HAS NOT BEEN GIVEN AN OPPORTUNITY TO BE HEARD  AS TO THE PROPRIETY OF THE TRIAL COURT TAKING JUDICIAL NOTICE.  -  Rule 201 (e) <u>TRE</u>.

206.    I objections to the Substantive Admissibility of  Evidence due to KNOWLEDGE. LACK OF PERSONAL  -  Rule 602 <u>TRE</u>, FRE. SEE "PERSONAL  KNOWLEDGE, LACK OF " BELOW.

207.    I objections to the Substantive Admissibility of  Evidence due to LAY OPINION, IMPROPER  - Rule 701 <u>TRE</u>.

208.    I objections to the Substantive Admissibility of  Evidence due to LEADING QUESTION -  Rule 611(c) <u>TRE</u>.

209.    I objections to the Substantive Admissibility of  Evidence due to MISLEADING THE JURY  -  Rule 403 <u>TRE</u>.

210.    I objections to the Substantive Admissibility of  Evidence due to MISQUOTING THE RECORD  -  Rule 611(a) <u>TRE</u>.

211.    I objections to the Substantive Admissibility of   Evidence due to NARRATIVE ANSWER  -  Rule 611(a) <u>TRE</u>.

212.    I objections to the Substantive Admissibility of   Evidence due to PERSONAL KNOWLEDGE, NON-EXPERT WITNESS' LACK OF  -  Rule 602 <u>TRE</u>. [ NOTE THAT THE LACK OF PERSONAL KNOWLEDGE OBJECTION APPLIES TO THE HEARSAY

(OUT-OF-COURT) DECLARANT AS WELL AS TO THE IN-COURT DECLARANT. SO, THIS OBJECTION IS VALID UNLESS THE FACTS WOULD SUPPORT A FINDING THAT THE OUT OF COURT DECLARANT HAD PERSONAL KNOWLEDGE OF HIS ASSERTION OF FACT WHEN THE OUT-OF-COURT ASSERTION IS OFFERED FOR THE TRUTH OF THE MATTER ASSERTED.]

213.    I objections to the Substantive Admissibility of  Evidence due to PLEAS, PLEA DISCUSSIONS, AND RELATED STATEMENTS, INADMISSIBLE  -  Rule 410 <u>TRE</u>

214.    I objections to the Substantive Admissibility of  Evidence due to PRIVILEGED COMMUNICATION.

215.    I objections to the Substantive Admissibility of  Evidence due to ATTORNEY-CLIENT PRIVILEGE  -  Rule 503 <u>TRE</u>.

216.    I objections to the Substantive Admissibility of  Evidence due to HUSBAND- WIFE (MARITAL)  PRIVILEGE - RIGHT OF THE PERSON MAKING AND/OR THE PERSON TO WHOM   A  CONFIDENTIAL  COMMUNICATION  IS  MADE  PRIVATELY  BY  THE PERSON  TO  THE  PERSON'S  SPOUSE  TO  REFUSE  TO  DISCLOSE  AND  PREVENT ANOTHER FROM DISCLOSING SUCH STATEMENT.  -  Rule 504 (a) <u>TRE</u>.

217.    I objections to the Substantive Admissibility of  Evidence due to SPOUSAL CAPACITY OF  ONE  SPOUSE  TO  TESTIFY  AGAINST  ANOTHER  -  SPOUSE  HAS  A  PERSONAL PRIVILEGE NOT TO BE CALLED BY PROSECUTION AS A WITNESS AGAINST OTHER SPOUSE, <u>EXCEPT</u>, THE PRIVILEGE OF A PERSON'S SPOUSE NOT TO BE CALLED AS A WITNESS FOR THE PROSECUTION DOES NOT APPLY IN PROCEEDINGS IN WHICH THE PERSON IS CHARGED WITH A CRIME AGAINST THE PERSON'S SPOUSE, A

MEMBER OF THE HOUSEHOLD OF EITHER SPOUSE, OR ANY MINOR.  -  Rule 504(b) <u>TRE</u>.

218.   I objections to the Substantive Admissibility of  Evidence due to COMMUNICATION TO ANY PERSON INVOLVED IN THE TREATMENT OR EXAMINATION OF ALCOHOL OR DRUG ABUSE BY A PERSON BEING TREATED VOLUNTARILY OR BEING EXAMINED FOR ADMISSION TO TREATMENT FOR ALCOHOL OR DRUG ABUSE.  - Rule 509 (b) <u>TRE</u>  (NOTE: THERE IS NO GENERAL PHYSICIAN-PATIENT PRIVILEGE IN TEXAS CRIMINAL PROCEEDINGS.)

219.   I objections to the Substantive Admissibility of  Evidence due to RELEVANT, NOT - Rule 402 <u>TRE</u>   SEE THE DISCUSSION UNDER  "IRRELEVANT."

220.   I objections to the Substantive Admissibility of  Evidence due to SEQUESTRATION OF WITNESSES, VIOLATION OF "THE RULE" OF - Rule 614 <u>TRE</u>, RULE 615 <u>FRE</u>

221.   I objections to the Substantive Admissibility of  Evidence due to SUMMARY, INADMISSIBLE  -

222.   I objections to the Substantive Admissibility of  Evidence due to UNDERLYING WRITINGS, RECORDINGS, AND/OR PHOTOGRAPHS NOT SHOWN TO BE ADMISSIBLE.  - Rule 1006 <u>TRE</u>.

223.   I objections to the Substantive Admissibility of  Evidence due to NO ADEQUATE SHOWING THAT SUCH ITEMS CANNOT BE CONVENIENTLY EXAMINED IN COURT. - RULE 1006 <u>TRE</u>.

224.    I objections to the Substantive Admissibility of  Evidence due to ORIGINALS OR DUPLICATES NOT MADE AVAILABLE FOR EXAMINATION OR COPYING BY OTHER PARTIES AT REASONABLE TIME AND PLACE.   -  Rule 1006 <u>TRE</u>.

225.    I objections to the Substantive Admissibility of  Evidence due to UNDUE DELAY  -  Rule 403 <u>TRE</u>.

226.    I objections to the Substantive Admissibility of Evidence due to UNFAIR PREJUDICE, DANGER OF   SUBSTANTIALLY OUTWEIGHS THE PROBATIVE VALUE OF THE EVIDENCE (OBJECTING PARTY HAS BURDEN OF PROOF TO EXCLUDE OTHERWISE RELEVANT EVIDENCE)   -  Rule <u>403</u> TRE.   YOUR "FALLBACK" OBJECTION WHEN EVIDENCE IS RELEVANT AND OTHERWISE ADMISSIBLE IS *UNFAIRLY* PREJUDICIAL; REMEMBER THAT PROBATIVE EVIDENCE IS SUPPOSED TO BE PREJUDICIAL IN PROVING A FACT OF CONSEQUENCE, JUST NOT "UNFAIRLY" SO. [HINT: THINK ABOUT THE USEFULNESS OF OFFERING TO STIPULATE TO A FACT THAT YOUR OPPONENT MUST PROVE; CAN YOU ARGUE COGENTLY TO THE TRIAL JUDGE THAT BY AN AGREED STIPULATION YOUR OPPONENT CAN PROVE HIS ESSENTIAL FACT BUT IN THIS LESS *UNFAIRLY* PREJUDICIAL WAY WITHOUT ANY APPRECIABLE LOSS OF PROBATIVE VALUE OF HIS PROOF, I.E., ARGUE THAT THE OPPOSITION WILL GET EVERYTHING IT NEEDS FROM THE LESS UNFAIRLY PREJUDICIAL STIPULATION, SEE TIP 6 BELOW. [Note: A Rule 403 TRE analysis by the trial court should include, but is not limited to, the following factors: (1) the probative value of the evidence; (2) the potential of the evidence to impress the jury in some irrational but

nevertheless indelible way; (3) the time the proponent needs to develop the evidence; and (4) the proponent's need for the evidence.]

227.    I objections to the Substantive Admissibility of   Evidence due to State courts must enforce federal constitutional rights that apply to state court proceedings. A state court also has power to construe state constitutional provisions in a manner that more broadly protects individual rights than the federal constitution. Of course, a state court may construe the state constitution in lock-step (complete harmony) with the federal constitution; or it can look first (primacy) to the state constitution; or it can address  the federal constitutional claim first; or it can look at both the state and federal rights. One possible effect of the sharp curtailment of constitutional due process by the United States Supreme Court and crime-control oriented federal judges is the revitalization of state supreme courts concern for individual rights. In making objections, defense lawyers may find it efficacious to rely on state constitutions and bills of rights as well the <u>Bill of Rights of the United States Constitution</u>.

228.    I object to violations of my rights to Speech and Press    First Amendment         Texas - Art. 1, Sec. 8    Art. 1.16

229.    I object to violations of my rights to prevent Illegal Search   Fourth Amendment Texas - Art. 1, Sec. 9, Arts. 1.06, Arts. 14.01-14.06, Arts. 15.01-15.17, Arts. 16.01-16.21,  Arts. 18.01-18.21.

230.    I object to violations of my rights against Self-Incrimination Fifth Amendment   Texas - Art. 1, Sec. 10  Arts. 1.05, Arts. 38.21, 38.22, Grand Jury   Fifth Amendment  Texas - Art. 1, Sec. 10  Arts. 1.05, 1.141,  Chs. 19, 20, 21

231.    I object to violations of my rights to prevent Double Jeopardy  Fifth Amendment  Texas - Art. 1, Sec. 14   Arts. 1.10, 1.11, 36.33

232.    I object to violations of my rights to Due Process Fifth Amendment  Texas - Art. 1, Sec. 19   Art. 1.0      (Federal Cases)

233.    I object to violations of my rights to Due Process  Fourteenth Amendment  Texas - Art. 1, Sec. 19   Art. 1.04    (State Cases)

234.    I object to violations of my rights to Speedy Trial Sixth Amendment   Texas - Art. 1, Sec. 10   Art. 1.05 Jury Trial   Sixth Amendment Texas - Art. 1, Sec. 10 Arts. 1.05, 1.12, 1.13, 1.15, 36.19, 36.29

235.    I object to violations of my rights to Public Trial, Sixth Amendment Art. 1.24 Accusation Sixth Amendment Texas - Art. 1, Sec. 10  Art. 1.05

236.    I object to violations of my rights to Confrontation & Sixth Amendment Texas - Art. 1, Sec. 10    Arts. 1.05, 1.15, 1.25,

237.    I object to violations of my rights to Cross-Examination 38.071

238.    I object to violations of my rights to Compulsory  Sixth Amendment  Texas - Art. 1, Sec. 10   Art. 1.05 Process

239.    I object to violations of my rights to Assistance of Sixth Amendment  Texas - Art. 1, Sec. 10   Art. 1.05 Counsel

240.    I object to violations of my rights to prevent Excessive Bail  Eighth Amendment  Texas - Art. 1, Secs. 11  Arts. 1.07, 17.01-17.3 & 13

241.    I object to violations of my rights to prevent Cruel & Unusual Punishment Eighth Amendment   Texas - Art. 1, Sec. 13    Arts. 1.09, 16.21, 43.

242.     I object to violations of my rights to Equal Protection  Fourteenth Amendment

243.     I object to violations of my rights to Proof Beyond A <u>In</u> <u>re</u> <u>Winship</u> Art. 1.08 Reasonable Doubt Exclusionary Rule      <u>Mapp v. Ohio</u>  Art. 38.23

244.     I object to violations of my rights to Habeas Corpus  Texas - Art. 1, Sec. 12  Art. 1.0.

245.     I hereby file a *MOTION IN LIMINE* TO EXCLUDE OR SUPPRESS EVIDENCE AND, if it IS NOT GRANTED, to OBTAIN A SPECIFIC PRETRIAL RULING THAT THE TRIAL JUDGE STATES IS DEFINITIVE. OTHERWISE, TO PRESERVE ERROR, I OBJECT TO THE ADMISSION OF THE EVIDENCE AGAIN AT THE TIME IT IS OFFERED AT TRIAL. SEE RULE 103 (a) FRE AND TRE. of my medical records and criminal complaints and charges.

246.     I am VERY CAREFUL WHEN I MAKE A SO-CALLED "RUNNING OBJECTION"; BE CERTAIN THAT my ORIGINAL OBJECTION IS AS PERFECTLY FORMED AS POSSIBLE; DO NOT TREAT my RUNNING OBJECTION AS CARRYING OVER TO ALL WITNESSES; WITH EACH NEW WITNESS WITH WHOM THE OBJECTIONABLE SUBJECT IS RAISED, EXPRESSLY STATE YOUR OBJECTION INTO THE RECORD AND ASK FOR A RUNNING OBJECTION TO ANY SUCH INQUIRIES OF THAT WITNESS.   TEXAS LAWYERS - SEE THIS 4 PAGE <u>ARTICLE</u>

247.     I OBJECT THAT THE RULING IS UNFAIRLY PREJUDICIAL IN THAT THE DANGER OF UNFAIR PREJUDICE SUBSTANTIALLY OUTWEIGHS THE PROBATIVE VALUE OF ALLOWING INTRODUCTION OF EVIDENCE.

248.     I object to TO INTRODUCtion of A SUMMARY of facts by transcript of pre-trial because court failed to MAKE ARRANGEMENTS FOR ME TO SEE THE UNDERLYING

MATERIALS AT A REASONABLE TIME AND PLACE OUT OF COURT. I OBJECT TO THE SUMMARY UNDER RULE 1006 FRE & TRE.

249.   I OBJECT IF OPPONENT TRIES TO REQUIRE WITNESS TO CHARACTERIZE THE TESTIMONY OF ANOTHER WITNESS, E.G., AS WHERE A PROSECUTOR ASKS A DEFENDANT TESTIFYING IN HIS OWN BEHALF WHETHER A POLICE OFFICER WITNESS WAS LYING WHEN THE OFFICER SAID SOMETHING INCRIMINATING ABOUT THE DEFENDANT.   YOUR OBJECTION SHOULD BE THAT THE QUESTION CALLS FOR IMPROPER CHARACTER EVIDENCE.   YOU CAN ALSO ADD THAT THE QUESTION IS ARGUMENTATIVE. YOU CAN ALSO ARGUE THAT IT CALLS FOR IMPROPER OPINION EVIDENCE. THE REASON WHY SUCH A QUESTION CALLS FOR IMPROPER CHARACTER EVIDENCE IS THAT IT ASKS ONE WITNESS TO  COMMENT ON THE CREDIBILITY OF ANOTHER WITNESS IN AN IMPROPER FORM. THE RULES OF EVIDENCE, E.G., RULE 608 _FRE_ & _TRE_,   MAY ALLOW ONE WITNESS TO VENTURE AN OPINION REGARDING THE TRUTH AND VERACITY OF ANOTHER WITNESS WHEN A SUFFICIENT SHOWING OF FAMILIARITY IS SHOWN; BUT THE RULES DO NOT ALLOW THE OPINION CHARACTER WITNESS TO VENTURE AN OPINION ON THE TRUTH OF THE TESTIMONY OF ANOTHER WITNESS. NEITHER LAY NOR EXPERT WITNESSES SHOULD BE ALLOWED TO TESTIFY THAT ANOTHER WITNESS IS LYING OR FAKING. THAT DETERMINATION IS FOR THE JURY.   IN SUPPORT OF THE OBJECTION, ALSO CITE THE RULE 403 _FRE_ & _TRE_ PROHIBITION AGAINST UNFAIR PREJUDICE AND ARGUE THAT THE PROBATIVE VALUE OF SUCH EVIDENCE IS SUBSTANTIALLY OUTWEIGHED BY THE FACT THAT SUCH A

QUESTION UNFAIRLY PLACES THE WITNESS IN SUCH AN UNFLATTERING LIGHT AS TO POTENTIALLY UNDERMINE HIS ENTIRE TESTIMONY. ARGUE THAT OPPOSING COUNSEL SHOULD BE ARTICULATE ENOUGH TO SHOW THE JURY WHERE THE TESTIMONY OF WITNESSES DIFFER WITHOUT HAVING THE WITNESS COMMENT ON THE CREDIBILITY OF ANOTHER WITNESS.

250. I object to DWI EVIDENCE OF UNCHARGED CONDUCT and move to EXCLUDE UNDER RULE 403 <u>FRE</u> & <u>TRE</u> because ITS PROBATIVE VALUE IS SHOWN TO BE *SUBSTANTIALLY* OUTWEIGHED BY THE DANGER OF *UNFAIR* PREJUDICE; NOTE THAT THE BURDEN OF PROOF IS ON THE OPPONENT OF THE EVIDENCE, I.E., THE OBJECTING PARTY, NOT THE PARTY, PROPONENT, SEEKING TO INTRODUCE THE UNCHARGED CONDUCT EVIDENCE

251. Under RULE 602 <u>FRE</u> & <u>TRE</u> REQUIRING PERSONAL KNOWLEDGE OF ALL FACT WITNESSES OTHER THAN EXPERTS APPLIES TO HEARSAY DECLARANTS AS WELL AS IN-COURT DECLARANTS, I OBJECT TO LACK OF KNOWLEDGE ON THE PART OF THE HEARSAY DECLARANT.

252. I OBJECT IF OPPOSING COUNSEL EXCUSES A SUBPOENAED WITNESS, BEFORE OR DURING TRIAL, WITHOUT THE COURT'S APPROVAL because ONLY THE COURT CAN EXCUSE A SUBPOENAED WITNESS.

253. I ASSERT my RIGHT TO A LIMITING INSTRUCTION WHEN THE OPPOSITION'S EVIDENCE IS ADMISSIBLE ONLY FOR A LIMITED PURPOSE.

254. I object to OPPONENT'S FAILURE TO ESTABLISH AN EVIDENTIARY FOUNDATION OR PREDICATE THROUGH A WITNESS' ANSWERS, because THE

PROPONENT OF THE EVIDENCE MUST GENERALLY CONVINCE THE TRIAL JUDGE BY A PREPONDERANCE OF THE EVIDENCE THAT THE FOUNDATION FACTS ARE *TRUE. No foundation facts have been established or even asserted. Leslie Ware and Samuel Baxter refuse to testify at all or answer any questions or even swear that they have any complaint at all against me or even that they ever submitted a criminal complaint against me.*

255.    I object to BUSINESS RECORDS as INCLUDING MATERIALS RECEIVED FROM OUTSIDE SOURCES THAT DON'T COMPLY WITH THE PREDICATE REQUIREMENTS, E.G., NOT WITHIN THE KNOWLEDGE OF THE RECORD MAKER, such as Chelsea Davis's statement that Presbyterian Hospital wrongfully accused her of being bipolar and delusional when she said she was raped by Judge Carlos Cortez. I absolutely am not bipolar.

256.    Tex. Gov't Code Ann. ch. 33 does not provide for a contested case hearing under the Texas Administrative Procedure Act (APA) and never refers to the APA or the State Office of Administrative Hearings; thus, the State Commission on Judicial Conduct proceedings are not subject to the APA and are not "contested cases" giving rise to a right to judicial review, and Tex. Gov't Code Ann. § 2001.171 does not apply to give a complainant a right to judicial review. Smith v. State Comm'n on Judicial Conduct, 2005 Tex. App. LEXIS 10219 (Tex. App. Austin Dec. 8 2005). Tex. Gov't Code § 33.022.

257.    Tex. Gov't Code Ann. Ch. 33 does not provide for a contested case hearing under the Texas Administrative Procedure Act (APA) and never refers to the APA or the State Office of Administrative Hearings; thus, the State Commission on Judicial Conduct proceedings are not subject to the APA and are not "contested cases" giving rise to a right to judicial review, and Tex. Gov't Code Ann. § 2001.171 does not apply to give a complainant a right to judicial review.

Smith v. State Comm'n on Judicial Conduct, 2005 Tex. App. LEXIS 10219 (Tex. App. Austin Dec. 8 2005). Tex. Gov't Code § 33.022

258.     The action styled *Leslie Ware v. Chelsea Davis* refers to the motion for contempt only that was improperly submitted in July 2014. No other action has ever been effectively consolidated into this action.

259.     This action must be assigned a new cause number and the docket corrected. The action styled *In the Matter of Leslie Ware and Chelsea Davis* refers to the action for Leslie Ware's application for a protective order against Chelsea Davis that was improperly submitted on Nov. 1, 2013, failing to allege a dating relationship or dating violence, never properly served on Chelsea Davis, and should have been closed on Nov. 1, 2013. No other action has ever been effectively transferred and consolidated into this action.

260.     The action styled *Chelsea L. Davis v. Leslie D. Ware and Samuel F. Baxter* refers to the action for a temporary ex parte protective order only that was not properly filed on Oct. 16, 2013, was never served on Respondents, and should have been closed on or before Oct. 30, 2013. No other action has ever been effectively consolidated into this action.

261.     Each attorney and judicial officer is a custodian of the public records and should uphold the integrity of the judicial system even though it appears that judges in Dallas County may do things differently.  Please correct the dockets and docket sheets for every cause number so that each and every description of the events that have transpired and of all documents match the thing described. For example, there is/was no divorce or other lawsuit between Leslie Ware and Chelsea Davis. Accordingly, Judge Martin should not have written "Div." on a docket sheet.

262.    I object to any charge of continuous violation of a protective order because there is no protective order and I have not violated any order. Any order that may have ever existed, if at all, is void for lack of subject matter jurisdiction for failure to allege that I have committed any dating violence. I object to any protective order entered by Associate Judge Donald Turner because he lacks authority under the Texas Family Code to render, sign and enter a protective order. Plus I object for lack of notice. I never received notice of any protective order entered against me.

263.    I object to a permanent order because a protective order may only last up to two years. Leslie Ware allegedly applies for protective under the Texas Family Code because we had a dating a relationship, and such protective orders may only last for up to two years. This Court lacks jurisdiction, plenary power, authority and subject matter jurisdiction to enter a protective order without a hearing more than seven months after Leslie Ware allegedly submitted an application for a protective order. I object to the setting of a hearing more than 14 days after the filing of an application where no continuance or reset was made or hearing ever set on application for protective order until February 2015.  I object to hearing set in February 2015 on Leslie Ware's most recent application for protective order allegedly submitted in summer 2014 in which he alleges that he has committed dating violence against me. The fact that I had sex with Leslie Ware does not mean I committed any violence or assault against Leslie Ware.

264.    I object to a protective order against me to protect Harlan Crow, Leslie Ware, Samuel Baxter and McKool Smith P.C.'s reputation. The end does not justify the means. I object that women are in danger and they pose a threat to the public health, safety and welfare of women,

which creates a substantial adverse effect that sealing of the records will have on the public health.

265.    I object to a temporary sealing order as a protective order in disguise. None of the requirements of Tex. R. Civ. P. 76(a) were met.

266.    I object to the permanent sealing order as an illegal protective order.

267.    I object to failure of Harlan Crow, Leslie Ware, Samuel Baxter and McKool Smith P.C. providing a general denial instead of denial under oath. I object to final trial and hearing at least for lack of notice and opportunity to be heard and lack of claims. I object to failure to respond to requests for admissions and discovery requests. I object to my own discovery requests and notices of deposition for lack of service and pending suit to which requests may be relevant.

268.    I object to all alleged deposition notices as not served on me and requesting discovery in case in which I am allegedly a criminal defendant.

269.    I object to all alleged notices of hearing. I did not request a hearing from the Court and the Court did not set a hearing or issue proper notice.

270.    I object to any requirement of me to disclose anything.

271.    I object to receiving a copy of the Motion and being given timely and proper notice. That is not true. I was not given a copy of the Motion nor given timely and proper notice.

272.    I object to any allegation that I have participated in any hearing. I have not been given any opportunity to be heard. I object to failure to identify the Defendant. I object to failure to identify the Petitioner. I object to failure to identify the Plaintiff.

273.    I object to lack of service of the notice. The notice was not served on the judge or the judge's attorney of record by personal service of a copy of the notice by a person designated by

the chairperson. I object because the person serving the notice failed to promptly notify the clerk in writing of the date on which the notice was served. I object to failure of an affidavit to state that reasonable effort was exerted during a period of ten days to serve the judge by personal service. I object to failure to enter date of mailing in any docket.

274.    I request to have all hearings open to the public or to persons designated by me.

275.    I object to failure of court to grant me a jury trial as there has been no proof of any probable cause that I have committed any crime or violated any order.

276.    I waive confidentiality of my identity as a complainant.

277.    I object to failure of commission to pay for a psychologist for me.

278.    I object to failure to ever receive a copy of a charge.

279.    I object to allegation that the Motion was heard after the Court had granted the Motion to Consolidate DF-13-23109 into Cause DF-13-19281. That is not true.

280.    I object to any finding of fact by an Associate Judge to Judge James Martin for lack of authority to find that I have committed any crimes. He is not the judge or the jury. I object to alleged findings outside of fact-finding time period prior to any just determination of probable cause or sufficiency of the evidence, without discovery or opportunity to be heard.

281.    I object to and specifically deny assertion that I have violated two court orders. I have not violated any valid court orders with authority to make me do anything.  The Court lacks authority to force me to submit to a deposition in a criminal case. I object to notice. I object to time and place for fear of being kidnapped and raped.

282.    I object to and specifically deny any order about my conduct when my conduct was not properly before the Court, or after my conduct was before the Court for less than a minute. I

object to assertion that my conduct is in violating court orders. That does not even make intelligible sense.

283.     I object to and specifically deny any finding or order alleging that I sent abusive and offensive emails at all, much less in reference to any matter, or conduct in sending abusive and offensive emails. I deny sending abusive and offensive emails to counsel and the Court.

284.     I object to and specifically deny all conduct in filing pleadings, motions and other papers (including the Notice of Notice of Removal and attachments) which were in bad faith, groundless and only for the purpose of delay in violation of Chapter 10 of the Texas Civil Practices Remedies Code and Rule 13 of the Texas Rules of Civil Procedure.

285.     I object to and specifically deny that I have committed any conduct in manipulating the email access and telecommunication transmissions by disconnecting and reconnecting or re-establishing in order to file or send material but disabling so that the parties and the Court could not contact me.

286.     I object to and specifically deny that I have committed any conduct in threatening other actions and process to gain an advantage or to cause a cancellation of a hearing. I object to and specifically deny any bad faith. I object to and specifically deny that I have committed an abuse of the judicial system and that no lesser sanction or penalty could be imposed to secure compliance with the Court order or to dissuade the Plaintiff from the abuse of the judicial system and process. The Plaintiff appears to be the State of Texas, and the Plaintiff is abusing the judicial system and process. Plus, Leslie Ware is abusing the judicial system and process. Plus, the process is not legal. I object to the process being illegal.

287.    I object because there is no direct relationship between any misconduct and any sanction. I object to the sanction. I object to the severity of the sanction to the extent the sanction is the sealing of my criminal records from me and the public so that I cannot obtain a lawyer.

288.    I object to any charge that my conduct is egregious for lack of any evidence whatsoever that is relevant. I object because the State has never presented any evidence of my conduct or my communications. I object to the Court presuming anything about my claims because I do not have any claims before the Court and have not brought any. It is true the State of Texas's charge against me is without merit. I object to the Commission dismissing my complaint against judges as being without merit. No one will take my deposition. I would like to appear for my deposition and am available at any time to talk about Samuel Baxter's conduct and Carlos Cortez's conduct.

289.    I object to jurisdiction of this Court over alleged criminal misdemeanor. The charge should be misdemeanor because I have never violated a protective order before, and the charge, if any, should go from Collin County JP Court to Constitutional County Court, not Family District Court.

290.    I object to motion to consolidate.  I object to and specifically deny receiving proper notice of any hearing. I object to and specifically deny that a hearing in open Court occurred. I object to and specifically deny that the actions involve common questions of law or fact. I object to this matter being, should be, or is consolidated into the first filed suit in order to prevent a multiplicity of suits. What is the the first filed suit? I object to order as vague because I do not know what this means.

291.    I do not know what the charges or claims are against me so I would I know if they should be separately tried. I do not know what the first trial is about in February 2015. I object to statement of all issues in consolidated matter. What are the issues? claims? defenses? charges?

292.    Under Tex. Code Crim. Proc. Art. 1.05, RIGHTS OF ACCUSED, "In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof. He shall not be compelled to give evidence against himself. He shall have the right of being heard by himself, or counsel, or both; shall be confronted with the witnesses against him, and shall have compulsory process for obtaining witnesses in his favor. No person shall be held to answer for a felony unless on indictment of a grand jury." I object for failure to give me speedy public trial by an impartial jury. I demand the nature and cause of the accusation against me, and to have a copy thereof. I object to this Court attempting to compel me to give evidence against myself. I object to not being confronted with witnesses against me. I shall have compulsory process for obtaining witnesses in my favor, and I hereby request Leslie Ware and Samuel Baxter to testify as witnesses in my favor. I object for failure of a grand jury to indict me. The grand jury no-billed me and thus no criminal prosecution can proceed.

293.    Under Tex. Code Crim. Proc. Art. 1.051, the Court was required to appoint me counsel within three days. I object to this failure by the Court to appoint me counsel by "the third working day after the date on which the court or the courts' designee receives the defendant's request for appointment of counsel." *Id.*

294.    I object to court's failure to presume that a pleading, motion, or other paper is filed in good faith." I object to sanctions order for failure to include " good cause stated in the sanction order"

295.    I am not guilty.

296.    I object to failure to give me bail and holding me in jail when there was no probable cause to arrest me for 75 days. I object to consolidation of multiple criminal charges. See Tex. Code Crim. Proc.  Art. 1.07. RIGHT TO BAIL. All prisoners shall be bailable unless for capital offenses when the proof is evident.

297.    I object to cruelty. See Tex. Code Crim. Proc. Art. 1.09. CRUELTY FORBIDDEN. Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted.

298.    I object to double jeopardy. Art. 1.10. JEOPARDY. No person for the same offense shall be twice put in jeopardy of life or liberty; nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction.

299.    I object to violation of my right to jury trial. Art. 1.12. RIGHT TO JURY. The right of trial by jury shall remain inviolate.

300.    I object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences,

301.    I object to violation of my rights to freedom of speech and press. Art. 1.16. LIBERTY OF SPEECH AND PRESS. Every person shall be at liberty to speak, write or publish his opinion on any subject, being liable for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press. In prosecutions for the publication of papers investigating

the conduct of officers or men in public capacity, or when the matter published is proper for public information, the truth thereof may be given in evidence. In all indictments for libels, the jury shall have the right to determine the law and the facts, under the direction of the court, as in other cases

302.     I object to corruption of my blood.  See Tex. Code Crim. Proc. Art. 1.19. CORRUPTION OF BLOOD, ETC. No conviction shall work corruption of blood or forfeiture of estate.  I object to corruption of records.

303.     I object to prosecution not carried on in the name and by authority of the State of Texas. See Tex. Code Crim. Proc. Art. 1.23 All prosecutions shall be carried on "in the name and by authority of The State of Texas", and conclude, "against the peace and dignity of the State".

304.     I object to proceedings and trials not being open to the public. See Tex. Code Crim. Proc. Art. 1.24. PUBLIC TRIAL. The proceedings and trials in all courts shall be public.

305.     I object to not being confronted by witnesses. See Tex. Code Crim. Proc. Art. 1.25. CONFRONTED BY WITNESSES. The defendant, upon a trial, shall be confronted with the witnesses.

306.     I object to neglecting to execute process. See Tex. Code Crim. Proc. Art. 2.16. NEGLECTING TO EXECUTE PROCESS. If any sheriff or other officer shall wilfully refuse or fail from neglect to execute any summons, subpoena or attachment for a witness, or any other legal process which it is made his duty by law to execute, he shall be liable to a fine for contempt not less than ten nor more than two hundred dollars, at the discretion of the court. The payment of such fine shall be enforced in the same manner as fines for contempt in civil cases.

307. I object to failure of clerks to perform duties. See Tex. Code Crim. Proc. Art. 2.21. DUTY OF CLERKS. (a) In a criminal proceeding, a clerk of the district or county court shall: (1) receive and file all papers(2) receive all exhibits at the conclusion of the proceeding; (3) issue all process; (4) accept and file electronic documents received from the defendant, if the clerk accepts electronic documents from an attorney representing the state; (5) accept and file digital multimedia evidence received from the defendant, if the clerk accepts digital multimedia evidence from an attorney representing the state; and (6) perform all other duties imposed on the clerk by law.

308. I object to failure of justice system to report threats made to me on my request. See Tex. Code Crim. Proc. Art. 2.30. REPORT CONCERNING CERTAIN ASSAULTIVE OR TERRORISTIC OFFENSES. (a) This article applies only to the following offenses: (1) assault under Section 22.01, Penal Code; (2) aggravated assault under Section 22.02, Penal Code; (3) sexual assault under Section 22.011, Penal Code; (4) aggravated sexual assault under Section 22.021, Penal Code; and (5) terroristic threat under Section 22.07, Penal Code. (b) A peace officer who investigates the alleged commission of an offense listed under Subsection (a) shall prepare a written report that includes the information required under Article 5.05(a). (c) On request of a victim of an offense listed under Subsection (a), the local law enforcement agency responsible for investigating the commission of the offense shall provide the victim, at no cost to the victim, with any information that is: (1) contained in the written report prepared under Subsection (b); (2) described by Article 5.05(a)(1) or (2); and (3) not exempt from disclosure under Chapter 552, Government Code, or other law.

309.    I object to violation of Tex. Code Crim. Proc. Art. 3.02. CRIMINAL ACTION. A criminal action is prosecuted in the name of the State of Texas against the accused, and is conducted by some person acting under the authority of the State, in accordance with its laws.

310.    I object to jurisdiction of court in Dallas County.

311.    I object to jurisdiction of Dallas County District Courts under Tex. Code Crim. Proc. Art. 4.05. JURISDICTION OF DISTRICT COURTS. District courts and criminal district courts shall have original jurisdiction in criminal cases of the grade of felony, of all misdemeanors involving official misconduct, and of misdemeanor cases transferred to the district court under Article 4.17 of this code.

312.    I object to jurisdiction under Tex. Code Crim. Proc. Art. 4.16. CONCURRENT JURISDICTION. When two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or a complaint shall first be filed shall retain jurisdiction except as provided in Article 4.12.

313.    Under Tex. Code Crim. Proc. Art. 5.05,  I request a copy of all records and reports. Neither a prosecuting attorney nor a court may: (1) dismiss or delay any criminal proceeding that involves a prosecution for an offense that constitutes family violence because a civil proceeding is pending or not pending; or (2) require proof that a complaining witness, victim, or defendant is a party to a suit for the dissolution of a marriage or a suit affecting the parent-child relationship before presenting a criminal allegation to a grand jury, filing an information, or otherwise proceeding with the prosecution of a criminal case. (b) A prosecuting attorney's decision to file an application for a protective order under Chapter 71, Family Code, should be made without regard to whether a criminal complaint has been filed by the applicant. A prosecuting attorney

may require the applicant toprovide information for an offense report, relating to the facts alleged in the application, with a local law enforcement agency.

314.    I object to venue. Tex. Code Crim. Proc. Art. 5.07. VENUE FOR PROTECTIVE ORDER OFFENSES. The venue for an offense under Section 25.07 or 25.072, Penal Code, is in the county in which the order was issued or, without regard to the identity or location of the court that issued the protective order, in the county in which the offense was committed. (2) the court shall require a constable to serve a protective order issued under this article; and (3) the clerk of the court shall forward a copy of a protective order issued under this article to the Department of Public Safety with a designation indicating that the order was issued to prevent offenses committed because of bias or prejudice. (d) For an original or modified protective order rendered under this article, on receipt of the order from the clerk of the court, a law enforcement agency shall immediately, but not later than the 10th day after the date the order is received, enter the information required by Section 411.042(b)(6), Government Code, into the statewide law enforcement information system maintained by the Department of Public Safety.

315.    I object to not being allowed to question the witnesses on direct and cross examination. Tex. Code Crim. Proc. Art. 16.06. COUNSEL MAY EXAMINE WITNESS. The counsel for the State, and the accused or his counsel may question the witnesses on direct or cross examination.

316.    I request attachment for witness. Tex. Code Crim. Proc. Art. 16.10. ATTACHMENT FOR WITNESS. The magistrate has the power in all cases, where a witness resides or is in the county where the prosecution is pending, to issue an attachment for the purpose of enforcing the attendance of such witness; this he may do without having previously issued a subpoena for that purpose.

317.     I request an examining trial and, to the extent an examining trial has already been held, I object to decision of Judge and request to be discharged for finding of no probable cause under Tex. Code Crim. Proc. Art. 16.17. DECISION OF JUDGE. After the examining trial has been had, the judge shall make an order committing the defendant to the jail of the proper county, discharging him or admitting him to bail, as the law and facts of the case may require. Failure of the judge to make or enter an order within 48 hours after the examining trial has been completed operates as a finding of no probable cause and the accused shall be discharged.

318.     I object to failure to certify proceedings. Tex. Code Crim. Proc. Art. 17.30. SHALL CERTIFY PROCEEDINGS. The magistrate, before whom an examination has taken place upon a criminal accusation, shall certify to all the proceedings had before him, as well as where he discharges, holds to bail or commits, and transmit them, sealed up, to the court before which the defendant may be tried, writing his name across the seals of the envelope. The voluntary statement of the defendant, the testimony, bail bonds, and every other proceeding in the case, shall be thus delivered to the clerk of the proper court, without delay.

319.     I object to cause improvidently transferred under Tex. Code Crim. Proc. Art. 21.30. CAUSE IMPROVIDENTLY TRANSFERRED. When a cause has been improvidently transferred to a court which has no jurisdiction of the same, the court to which it has been transferred shall order it to be re-transferred to the proper court; and the same proceedings shall be had as in the case of the original transfer. In such case, the defendant and the witnesses shall be held bound to appear before the court to which the case has been re-transferred, the same as they were bound to appear before the court so transferring the same.

320.     I object to pre-trial hearings under Tex. Code Crim. Proc. Art. 28.01. PRE-TRIAL. The pre-trial hearing shall be to determine any of the following matters: (1) Arraignment of the defendant, if such be necessary; and appointment of counsel to represent the defendant, if such be necessary; (2) Pleadings of the defendant; (6) Motions to suppress evidence--When a hearing on the motion to suppress evidence is granted, the court may determine the merit of said motion on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion of the court;

321.     I object to Entrapment.

322.     For good cause shown, I did not have sufficient notice of such hearing to allow me not less than 10 days in which to raise or file such preliminary matters. I object to the record. The record made at such pre-trial hearing, the rulings of the court and the exceptions and objections thereto shall become a part of the trial record of the case upon its merits.

323.     I object to the order of argument. Under Tex. Code Crim. Proc. Art. 28.02. ORDER OF ARGUMENT. The counsel of the defendant has the right to open and conclude the argument upon all pleadings of the defendant presented for the decision of the judge.

324.     I object to failure of process for testimony on pleadings. Under Tex. Code Crim. Proc. Art. 28.03. PROCESS FOR TESTIMONY ON PLEADINGS. When the matters involved in any written pleading depend in whole or in part upon testimony, and not altogether upon the record of the court, every process known to the law may be obtained on behalf of either party to procure such testimony; but there shall be no delay on account of the want of the testimony, unless it be shown to the satisfaction of the court that all the means given by the law have been used to procure the same.

325.    I object to any and every continuance. Under Tex. Code Crim. Proc. Art. 29.02, a criminal action may be continued by consent of the parties thereto, in open court, at any time on a showing of good cause, but a continuance may be only for as long as is necessary. I do not agree to any continuance.

326.    I move to deny continuance under Tex. Code Crim. Proc. Art. 29.09. CONTROVERTING MOTION. Any material fact stated, affecting diligence, in a motion for a continuance, may be denied in writing by the adverse party. The denial shall be supported by the oath of some credible person, and filed as soon as practicable after the filing of such motion.

327.    I object to failure to keep record of criminal actions under Tex. Code Crim. Proc. Art. 33.07. RECORD OF CRIMINAL ACTIONS. Each clerk of a court of record having criminal jurisdiction shall keep a record in which shall be set down the style and file number of each criminal action, the nature of the offense, the names of counsel, the proceedings had therein, and the date of each proceeding.

328.    I object for lack of warrant to search and seize my property at time of arrest.

329.    I object to violations of evidence rule under Tex. Code Crim. Proc. Art. 38.46. EVIDENCE IN PROSECUTIONS FOR STALKING. (a) In a prosecution for stalking, each party may offer testimony as to all relevant facts and circumstances that would aid the trier of fact in determining whether the actor's conduct would cause a reasonable person to experience a fear described by Section 42.072(a)(3)(A), (B), or (C), Penal Code, including the facts and circumstances surrounding any existing or previous relationship between the actor and the alleged victim, a member of the alleged victim's family or household, or an individual with whom the alleged victim has a dating relationship. (b) This article does not permit the

presentation of character evidence that would otherwise be inadmissible under the Texas Rules of Evidence or other applicable law.

330.    I hereby submit my application to take depositions of witnesses under Tex. Code Crim. Proc. Art. 39.01. IN EXAMINING TRIAL. When an examination takes place in a criminal action before a magistrate, the state or the defendant may have the deposition of any witness taken by any officer authorized by this chapter. The state or the defendant may not use the deposition for any purpose unless that party first acknowledges that the entire evidence or statement of the witness may be used for or against the defendant on the trial of the case, subject to all legal objections. The deposition of a witness duly taken before an examining trial or a jury of inquest and reduced to writing or recorded and then certified according to law, provided that the defendant and the defendant's attorney were present when that testimony was taken and that the defendant had the privilege afforded of cross-examining the witness, or taken at any prior trial of the defendant for the same offense, may be used by either the state or the defendant in the trial of the defendant's criminal case under the following circumstances: When the testimony is sought to be used by the state, the oath may be made by any credible person. When sought to be used by the defendant, the oath must be made by the defendant in person.

331.    I hereby file the attached affidavit to state good reason for taking the depositions of witnesses. Under Tex. Code Crim. Proc. Art. 39.02. WITNESS DEPOSITIONS. Depositions of witnesses may be taken by either the state or the defendant. When a party desires to take the deposition of a witness, the party shall file with the clerk of the court in which the case is pending an affidavit stating the facts necessary to constitute a good reason for taking the witness's deposition and an application to take the deposition. On the filing of the affidavit and

application, and after notice to the opposing party, the court shall hear the application and determine if good reason exists for taking the deposition. The court shall base its determination and shall grant or deny the application on the facts made known at the hearing. This provision is limited to the purposes stated in Article 39.01.

332.    I request the court to comply with Tex. Code Crim. Proc. Art. 39.03. OFFICERS WHO MAY TAKE THE DEPOSITION. Upon the filing of such an affidavit and application, the court shall appoint, order or designate one of the following persons before whom such deposition shall be taken: 1. A district judge. 2. A county judge. 3. A notary public. 4. A district clerk. 5. A county clerk. Such order shall specifically name such person and the time when and place where such deposition shall be taken. Failure of a witness to respond thereto, shall be punishable by contempt by the court. Such deposition shall be oral or written, as the court shall direct.

333.    I request discovery and copies of all records. Tex. Code Crim. Proc. Art. 39.14. DISCOVERY. (a) Subject to the restrictions provided by Section 264.408, Family Code, and Article 39.15 of this code, as soon as practicable after receiving a timely request from the defendant the state shall produce and permit the inspection and the electronic duplication, copying, and photographing, by or on behalf of the defendant, of any offense reports, any designated documents, papers, written or recorded statements of the defendant or a witness, including witness statements of law enforcement officers but not including the work product of counsel for the state in the case and their investigators and their notes or report, or any designated books, accounts, letters, photographs, or objects or other tangible things not otherwise privileged that constitute or contain evidence material to any matter involved in the action and that are in the possession, custody, or control of the state or any person under contract with the

state. The state may provide to the defendant electronic duplicates of any documents or other information described by this article. The rights granted to the defendant under this article do not extend to written communications between the state and an agent, representative, or employee of the state. This article does not authorize the removal of the documents, items, or information from the possession of the state, and any inspection shall be in the presence of a representative of the state. (b) On motion of a party and on notice to the other parties, the court in which an action is pending may order one or more of the other parties to disclose to the party making the motion the name and address of each person the other party may use at trial to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence. The court shall specify in the order the time and manner in which the other party must make the disclosure to the moving party, but in specifying the time in which the other party shall make disclosure the court shall require the other party to make the disclosure not later than the 20th day before the date the trial begins.

334.    I request to submit evidence and this Court shall allow evidence under Tex. Code Crim. Proc. Art. 39.15. DISCOVERY OF EVIDENCE DEPICTING OR DESCRIBING ABUSE OF OR SEXUAL CONDUCT BY CHILD OR MINOR. (a) In the manner provided by this article, a court shall allow discovery under Article 39.14 of property or material: (1) that constitutes child pornography, as described by Section 43.26(a)(1), Penal Code; (2) the promotion or possession of which is prohibited under Section 43.261, Penal Code; or (3) that is described by Section 2 or 5, Article 38.071, of this code.  (b) Property or material described by Subsection (a) must remain in the care, custody, or control of the court or the state as provided by Article 38.45.

335.    I object to and request the Court to deny Angeline Bain's motion for new trial on behalf of Leslie Ware because no material evidence favorable to the accused has been discovered since

trial, to the extent there has ever been any trial. See Tex. Code Crim. Proc. Art. 40.001. NEW TRIAL ON MATERIAL EVIDENCE. A new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial.

336.     I object to the Judgment, if any has been made, for several reasons. For example, an order granting a motion is not and cannot be a judgment. Plus, an "Order Regarding Plaintiff's Nonsuit" is not and cannot be a judgment. Plus, I object to whether any claim(s) was before the Court to dismiss. I object to the Judge's signature as digital forgery and not "signed by the trial judge." I object to any order alleged to be a judgment for not being entered of record showing the conviction or acquittal of the defendant.  I object to any alleged judgment for failure to comply with requirements of Tex. Code Crim. Proc. Art. 42.01 as follows: JUDGMENT. Sec. 1. A judgment is the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant. The sentence served shall be based on the information contained in the judgment. The judgment shall reflect: 1. The title and number of the case; 2. That the case was called and the parties appeared, naming the attorney for the state, the defendant, and the attorney for the defendant, or, where a defendant is not represented by counsel, that the defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel; 3. The plea or pleas of the defendant to the offense charged; 4. Whether the case was tried before a jury or a jury was waived; 5. The submission of the evidence, if any; 6. In cases tried before a jury that the jury was charged by the court; 7. The verdict or verdicts of the jury or the findings of the court; 8. In the event of a conviction that the defendant is adjudged guilty of the offense as found by the verdict of the jury or the finding of the court, and that the defendant be punished in accordance with the jury's verdict or the court's

finding as to the proper punishment; 9. In the event of conviction where death or any punishment is assessed that the defendant be sentenced to death, a term of confinement or community supervision, or to pay a fine, as the case may be; 10. In the event of conviction where the imposition of sentence is suspended and the defendant is placed on community supervision, setting forth the punishment assessed, the length of community supervision, and the conditions of community supervision; 11. In the event of acquittal that the defendant be discharged; 12. The county and court in which the case was tried and, if there was a change of venue in the case, the name of the county in which the prosecution was originated; 13. The offense or offenses for which the defendant was convicted; 14. The date of the offense or offenses and degree of offense for which the defendant was convicted; 15. The term of sentence; 16. The date judgment is entered; 17. The date sentence is imposed; 18. The date sentence is to commence and any credit for time served; 19. The terms of any order entered pursuant to Article 42.08 of this code that the defendant's sentence is to run cumulatively or concurrently with another sentence or sentences; 20. The terms of any plea bargain; 21. Affirmative findings entered pursuant to Subdivision (2) of Subsection (a) of Section 3g of Article 42.12 of this code; 22. The terms of any fee payment ordered under Article 42.151 of this code; 23. The defendant's thumbprint taken in accordance with Article 38.33 of this code; 24. In the event that the judge orders the defendant to repay a reward or part of a reward under Articles 37.073 and 42.152 of this code, a statement of the amount of the payment or payments required to be made; 25. In the event that the court orders restitution to be paid to the victim, a statement of the amount of restitution ordered and: (A) the name and address of a person or agency that will accept and forward restitution payments to the victim; or (B) if the court specifically elects to have payments made directly to the crime victim,

the name and permanent address of the victim at the time of judgment; 26. In the event that a presentence investigation is required by Section 9(a), (b), (h), or (i), Article 42.12 of this code, a statement that the presentence investigation was done according to the applicable provision; 27. In the event of conviction of an offense for which registration as a sex offender is required under Chapter 62, a statement that the registration requirement of that chapter applies to the defendant and a statement of the age of the victim of the offense; 28. The defendant's state identification number required by Section 60.052(a)(2), if that number has been assigned at the time of the judgment; and 29. The incident number required by Section 60.052(a)(4), if that number has been assigned at the time of the judgment. Sec. 2. The judge may order the prosecuting attorney, or the attorney or attorneys representing any defendant, or the court clerk under the supervision of an attorney, to prepare the judgment, or the court may prepare the same. Sec. 3. The provisions of this article shall apply to both felony and misdemeanor cases. Sec. 4. The Office of Court Administration of the Texas Judicial System shall promulgate a standardized felony judgment form that conforms to the requirements of Section 1 of this article. A court entering a felony judgement shall use the form promulgated under this section. Sec. 5. In addition to the information described by Section 1 of this article, the judgment should reflect affirmative findings entered pursuant to Article 42.013 of this code. Sec. 6. In addition to the information described by Section 1 of this article, the judgment should reflect affirmative findings entered pursuant to Article 42.014 of this code. Sec. 7. In addition to the information described by Section 1, the judgment should reflect affirmative findings entered pursuant to Article 42.015. Sec. 8. In addition to the information described by Section 1 the judgment should reflect affirmative findings entered pursuant to Article 42.017. Sec. 9. In addition to the information

described by Section 1, the judgment should reflect affirmative findings entered pursuant to Article 42.0197. Sec. 10. In addition to the information described by Section 1, the judgment should reflect affirmative findings entered pursuant to Article 42.0198. Sec. 11. In addition to the information described by Section 1, the judgment should reflect whether a victim impact statement was returned to the attorney representing the state pursuant to Article 56.03(e).

337.     Art. 42.013. FINDING OF FAMILY VIOLENCE. In the trial of an offense under Title 5, Penal Code, if the court determines that the offense involved family violence, as defined by Section 71.004, Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case.

338.     I object to lack of required notice. See Tex. Code Crim. Proc. Art. 42.0131. REQUIRED NOTICE FOR PERSONS CONVICTED OF MISDEMEANORS INVOLVING FAMILY VIOLENCE. If a person is convicted of a misdemeanor involving family violence, as defined by Section 71.004, Family Code, the court shall notify the person of the fact that it is unlawful for the person to possess or transfer a firearm or ammunition.

339.     I object to lack of required notice. See Tex. Code Crim. Proc. Art. 42.0183. NOTICE OF FAMILY VIOLENCE OFFENSES PROVIDED BY CLERK OF COURT. (a) This article applies only: (1) to conviction or deferred adjudication granted on the basis of: (A) an offense that constitutes family violence, as defined by Section 71.004, Family Code; or (B) an offense under Title 5, Penal Code; and (2) if the defendant is a member of the state military forces or is serving in the armed forces of the United States in an active-duty status. (b) As soon as possible after the date on which the defendant is convicted or granted deferred adjudication on the basis of an offense, the clerk of the court in which the conviction or deferred adjudication is entered

shall provide written notice of the conviction or deferred adjudication to the staff judge advocate at Joint Force Headquarters or the provost marshal of the military installation to which the defendant is assigned with the intent that the commanding officer will be notified, as applicable.

340.     I object to failure to make findings, and hereby consent in writing to release of the affirmative finding that I am a victim of trafficking and sexual abuse by the trafficker and rapist Leslie Ware, who talks about having sex with twelve year old girls. See Tex. Code Crim. Proc. Art. 42.0191. FINDING REGARDING VICTIMS OF TRAFFICKING OR OTHER ABUSE. (a) In the trial of an offense, on the motion of the attorney representing the state the judge shall make an affirmative finding of fact and enter the affirmative finding in the papers in the case if the judge determines that, regardless of whether the conduct at issue is the subject of the prosecution or part of the same criminal episode as the conduct that is the subject of the prosecution, a victim in the trial: (1) is or has been a victim of a severe form of trafficking in persons, as defined by 22 U.S.C. Section 7102(8); or (2) has suffered substantial physical or mental abuse as a result of having been a victim of criminal activity described by 8 U.S.C. Section 1101(a)(15)(U)(iii). (b) That part of the papers in the case containing an affirmative finding under this article: (1) must include specific information identifying the victim, as available; (2) may not include information identifying the victim's location; and (3) is confidential, unless written consent for the release of the affirmative finding is obtained from the victim or, if the victim is younger than 18 years of age, the victim's parent or guardian.

341.     I object to the sentence because I had no idea I was on trial for a crime and subject to any sentencing by Leslie Ware's lawyer Angeline Bain and Judge James Martin, but the "Order Regarding Plaintiff's Non-Suit" states "August 25, 2014, after such time all writs and processes

necessary to collect such awards may issue," which might be a sentence. See Tex. Code Crim. Proc. Art. 42.02. SENTENCE. The sentence is that part of the judgment, or order revoking a suspension of the imposition of a sentence, that orders that the punishment be carried into execution in the manner prescribed by law.

342.    I object to sentence for failure to pronounce and give credit for time served. See Tex. Code Crim. Proc. Art. 42.03. PRONOUNCING SENTENCE; TIME; CREDIT FOR TIME SPENT IN JAIL BETWEEN ARREST AND SENTENCE OR PENDING APPEAL. Sec. 2. (a) In all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent: (1) in jail for the case.

343.    I object to any and all findings that I pose a threat of irreparable injury to the traffickers by attempting to file a lawsuit against them for civil liability and monetary damages for trafficking.  The offenders injured their own reputations by committing the offense. They have publicly humiliated and embarrassed themselves and me.  I have not harassed anyone, but I continue to be harassed by this Court and others who are using the judicial system as a weapon against me to force me to be quiet about the horrendous abuse I have suffered and cause me to waste money and time.

344.    The bottom line is this is a mess, I do not understand what is going on, and I am being denied access to the record, if any, and continue to be wrongfully accused.  The Judicial District Courts of Dallas and Collin Counties and persons impersonating officers of such courts because they are intentionally acting without authority and without any evidence are biased against me and are intentionally acting and making errors to lead to an unfair outcome for me, aiding Leslie

Ware's human trafficking and pornography operations. Associate Judge Donald Turner has been on the same speedboat on vacation as Chelsea Davis in her bikini and has slept in the same house as Chelsea Davis, yet he has not recused himself. Judge Emily Tobolowsky regularly witnessed Leslie Ware and Chelsea Davis from about January 2012 to present. Finally, she has recused herself, but only after signing a baseless order of sanctions against me and closing my attempted lawsuit against McKool Smith P.C. without any authority in less than a month and without notice or a hearing.

### OBJECTION TO AND MOTION TO TERMINATE INVESTIGATION

I move to terminate this non-investigative preliminary investigation, to the extent there is one at all, because it is not being conducted by the State Commission on Judicial Conduct or Commission for Lawyer Discipline or this Court. I move to terminate this non-investigative preliminary investigation because it has been determined that an allegation or appearance of misconduct or disability of a judge is unfounded or frivolous. I move to terminate for failure to conduct a full investigation, for failure to notify the judge in writing of the commencement of the investigation; and the nature of the allegation or appearance of misconduct or disability being investigated.

### OBJECTIONS AND MOTIONS IN LIMINE

I object to and move to exclude evidence of emails to Angeline Bain, which are not relevant to any claim or defense in any case. I move TO KEEP THE GOVERNMENT FROM IMPEACHING me WITH A PRIOR CONVICTION PURSUANT TO THE INTERNAL BALANCING TEST OF RULE 609, I object to taking THE STAND AND EXPOSING MYSELF TO THE IMPEACHMENT. SEE *LUCE V. UNITED STATES*, 469 U.S. 38 (1984).

I move to exclude evidence of DWI in civil or criminal trial. I move to EXCLUDE UNDER RULE 403 <u>FRE</u> & <u>TRE</u> because ITS PROBATIVE VALUE IS SHOWN TO BE *SUBSTANTIALLY* OUTWEIGHED BY THE DANGER OF *UNFAIR* PREJUDICE; NOTE THAT THE BURDEN OF PROOF IS ON THE OPPONENT OF THE EVIDENCE, I.E., THE OBJECTING PARTY, NOT THE PARTY, PROPONENT, SEEKING TO INTRODUCE THE UNCHARGED CONDUCT EVIDENCE.

I object to and move to exclude alleged medical records which Angeline Bain illegally obtained without my permission. Alleged medical records are not relevant at all to this lawsuit or to any charges against me and are incriminating and fraudulent.

I object to and move in limine to exclude evidence under Tex. Code Crim. Proc. Art. 38.23. EVIDENCE NOT TO BE USED. (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

I move to exclude all statements from all persons called by the State to testify, but I reserve my right to confront witnesses.

### <u>OBJECTIONS TO AND MOTION TO VACATE ORDERS</u>

There should not be any orders yet rendered, signed or entered as to this case. If there is a criminal charge against me and if there are any valid court orders against me at all, I OBJECT

and move as follows. I move to vacate orders to seal. I have never agreed to anything - I have never agreed to an order to seal or to the terms in substance or in form of any protective order. I move to vacate all orders as void. Both the Fourth Court of Appeals in In Re Garza, 126 S.W.3d 268 (Tex. App.–San Antonio 2003, orig. proceeding) and the Fourteenth Court of Appeals in In re Corcoran, 343 S.W.3d 268, 269 (Tex. App.–Houston [14th Dist.] 2011, org. proceeding) have found that the failure of a temporary injunction order to include a specific trial setting resulted in such order being void. *See Ex parte Shaffer,* 649 S.W.2d 300, 301-02 (Tex.1983) (holding that trial court abuses its discretion by holding party in contempt for violating void order).

I move to vacate any and all protective orders and other orders, findings, recommendations and conclusion, if any, against me for lack of subject matter jurisdiction.

## OBJECTIONS TO AND MOTION TO SET ASIDE INDICTMENT

I object to and move to set aside any indictment if there has been one under Tex. Code Crim. Proc. Art. 27.03. MOTION TO SET ASIDE INDICTMENT. In addition to any other grounds authorized by law, a motion to set aside an indictment or information may be based on the following: 1. That it appears by the records of the court that the indictment was not found by at least nine grand jurors, or that the information was not based upon a valid complaint; 2. That some person not authorized by law was present when the grand jury was deliberating upon the accusation against the defendant, or was voting upon the same; and 3. That the grand jury was illegally impaneled; provided, however, in order to raise such question on motion to set aside the indictment, the defendant must show that he did not have an opportunity to challenge the array at the time the grand jury was impaneled. I object to failure of all requirements. I did not have any opportunity as required. I was not present.

I object to and move for exception to substance of any indictment under Tex. Code Crim. Proc. Art. 27.08. EXCEPTION TO SUBSTANCE OF INDICTMENT. 1. That it does not appear therefrom that an offense against the law was committed by the defendant; 2. That it appears from the face thereof that a prosecution for the offense is barred by a lapse of time, or that the offense was committed after the finding of the indictment; 3. That it contains matter which is a legal defense or bar to the prosecution; and 4. That it shows upon its face that the court trying the case has no jurisdiction thereof.

I move for exception to form of indictment under Tex. Code Crim. Proc. Art. 27.09. EXCEPTION TO FORM OF INDICTMENT. 1. That it does not appear to have been presented in the proper court as required by law; 2. The want of any requisite prescribed by Articles 21.02 and 21.21. 3. That it was not returned by a lawfully chosen or empaneled grand jury.

## OBJECTION AND MOTION TO DISCHARGE

I OBJECT to delay. I move to discharge for delay. Under Tex. Code Crim. Proc. Art. 28.061. DISCHARGE FOR DELAY. If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant. A discharge under this article is a bar to any further prosecution for the offense discharged and for any other offense arising out of the same transaction, other than an offense of a higher grade that the attorney representing the state and prosecuting the offense that was discharged does not have the primary duty to prosecute.

I object because there is no charge. I move to discharge for exception that no offense is charged. Under Tex. Code Crim. Proc. Art. 28.07. IF EXCEPTION IS THAT NO OFFENSE IS CHARGED. If an exception to an indictment or information is taken and sustained upon the

ground that there is no offense against the law charged therein, the defendant shall be discharged, unless an affidavit be filed accusing him of the commission of a penal offense.

I object to being held by order of court. I move to discharge myself for being held by order of court under Tex. Code Crim. Proc. Art. 28.08. WHEN DEFENDANT IS HELD BY ORDER OF COURT. If the motion to set aside the indictment or any exception thereto is sustained, but the court refuses to discharge the defendant, then at the expiration of ten days from the order sustaining such motions or exceptions, the defendant shall be discharged, unless in the meanwhile complaint has been made before a magistrate charging him with an offense, or unless another indictment has been presented against him for such offense.

## OBJECTION TO PRIOR PLEA AND SPECIAL APPEARANCE PLEA OF NOT GUILTY

I object to past plea as not on any present charge. I enter a plea of not guilty.

Dated: Jan. 12, 2015     Respectfully submitted,


         /s/Chelsea L. Davis
         Chelsea L. Davis
         TX BAR NO. 24059652
         MAILING ADDRESS:
         25 Highland Park Vlg., Ste. 100-830
         Dallas, TX 75205
         Telephone: (469) 426-5850
         Facsimile: (469) 533-0466
         cdavis@chelseadavispc.com

## CERTIFICATE OF SERVICE

I electronically submitted the foregoing document using the electronic case filing system. I hereby certify that I have served all counsel and/or pro se parties of record (or non-record) electronically by email or, as a pro-se party, on the date it is electronically docketed in the

court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules of this Court (in the Northern and Eastern Districts of Texas).

Dated:  Jan. 12, 2015                                  /s/Chelsea L. Davis
                                                       Chelsea L. Davis, *pro-se*

## CERTIFICATE OF CONFERENCE

I conferred by email with Don Colleluori on Jan. 12, 2015. Agreement could not be reached because counsel refuses to discuss matters with me.  Don Colleluori is opposed to all motions that I file and all relief requested.

Dated:  Jan. 12, 2015                                  /s/Chelsea L. Davis
                                                       Chelsea L. Davis, *pro-se*